ORLANDO W. NORCROSS, Doing Business under the Firm Name of NORCROSS BROTHERS, Appellant, *v.* CHARLES T. WILLS, Respondent.

Contract — construction of building contract — when contractor not responsible to sub-contractor for losses caused by delays of architects in furnishing plans and drawings.

The relative obligations of parties to a contract are to be determined by the terms of their contract and not by surmise or inference. Their determination is not to be influenced by any considerations save those justified by their agreement; for when parties have made their contract it is the duty of courts to enforce it as they have elected to make it without regard to the fact that, in the light of subsequent events, a hardship may be worked.

Plaintiff made an agreement with defendant, a contractor about to erect a building, to furnish and set the granite required under the direction of designated architects, acting " as agents of the owner," and according to drawings to be furnished him by such architects. Plaintiff was to complete his work on or before a day mentioned, or, upon his failure so to do, a certain sum was fixed as liquidated damages for each day's delay. The contract further provided that, in case plaintiff should be delayed through the act, neglect or default of the defendant, or the architects, or any other contractor employed by defendant, the term fixed for the completion of the work should " be extended for a period equivalent to the time lost by reason of any or all of the causes aforesaid." *Held,* that plaintiff cannot recover from the defendant for losses arising from the delays of the architects in furnishing necessary drawings. The express and peculiar provisions of the contract between plaintiff and defendant refer the former to the owner's agents, the architects, and offset their delays in furnishing plans by equivalent extensions of time for completion. These provisions negative the assumption that it was within the contemplation of the parties that any obligation rested upon the defendant to respond for such defaults and compel the construction that the contrary was intended and provided for.

*Norcross* v. *Wills,* 130 App. Div. 470, affirmed.

(Argued April 1, 1910; decided April 26, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered Feb-

ruary 17, 1909, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William L. Bowman* and *John C. Wait* for appellant. Consideration of the contract in its entirety must result in the conclusion that these parties were bound by mutual promises creating a valid bilateral contract. (*Del Genovese* v. *T. A. R. R. Co.*, 13 App. Div. 420 ; *Mulholland* v. *Mayor, etc.*, 113 N. Y. 631 ; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 213 ; *Becker* v. *City of New York*, 53 App. Div. 301 ; 170 N. Y. 232 ; *Allamon* v. *Mayor of Albany*, 43 Barb. 33 ; *Cross* v. *Beard*, 26 N. Y. 85 ; *Fox* v. *Coggeshell*, 95 App. Div. 410 ; *Anderson* v. *English*, 105 App. Div. 400 ; *Nicoll* v. *Sands*, 131 N. Y. 24 ; *Gillette* v. *Bank of America*, 160 N. Y. 554 ; *Simpson & Co.* v. *U. S.*, 31 Ct. of Claims, 243 ; *Garrison* v. *U. S.*, 7 Wall. 690 ; *Walrath* v. *Thompson*, 4 Hill, 200 ; *Beldone* v. *Burke*, 72 Hun, 51 ; 147 N. Y. 542.) There is a positive and distinct covenant upon the part of Wills that the architects shall furnish to the plaintiff such further drawings or explanations as may be necessary to detail and illustrate the work to be done. (*Randel* v. *C. & D. C. Co.*, 1 Harr. 233 ; *B. & O. Ry. Co.* v. *Polly Woods Co.*, 14 Grant, 448.) Paragraph 8 of the contract, providing that " the party of the second part (defendant) agrees to provide all labor and materials not included in this contract in such a manner as not to delay the material progress of the work," is an express promise of the defendant to furnish the plaintiff whatever is necessary for his performance. (*Harmony* v. *Bingham*, 12 N. Y. 99 ; *Beebee* v. *Johnson*, 19 Wend. 500 ; *People* v. *Bartlett*, 3 Hill, 571 ; *Cobb* v. *Harmon*, 23 N. Y. 150 ; *Wheaton* v. *Fay*, 62 N. Y. 286.) By the terms of the contract between the parties, time was specially made the essence of the contract, thereby imposing an obligation on the defendant to furnish drawings and data on time. (*Harvey* v. *U. S.*, 8 Ct. of Claims, 501 ;

22

*Allamon* v. *Mayor of Albany*, 43 Barb. 33 ; *Lewman* v. *U. S.*, 41 Ct. of Claims, 470 ; *Weeks* v. *Rector*, 56 App. Div. 195 ; *Del Genovese* v. *T. A. R. R. Co.*, 13 App. Div. 412 ; 162 N. Y. 614 ; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205 ; *Kelly* v. *U. S.*, 31 Ct. of Claims, 361.) The delivery of the drawings at the time shown by the evidence constituted a breach of the contract which entitled the plaintiff to either abandon the work and recover for the work done at its fair and reasonable value, or without notice complete the work and recover the additional expense caused by the delay. (*Harvey* v. *U. S.*, 8 Ct. of Claims, 501 ; *Bien* v. *Parsons*, 15 Misc. Rep. 457 ; *Weeks* v. *Rector*, 56 App. Div. 196 ; *Barnum* v. *Williams*, 115 App. Div. 694 ; *Lewman* v. *U. S.*, 41 Ct. of Claims, 470 ; *Roberts* v. *B. I. Co.*, 39 L. J. C. L. 129 ; *Lawson* v. *Wallesly Board*, 52 L. J. [Q. B. D.] 302 ; *Lee* v. *Partridge*, 2 Duer, 463 ; *Tobey* v. *Piece*, 75 Ill. 645 ; *Coulter* v. *Bd. of Education*, 63 N. Y. 365 ; *Allamon* v. *Mayor, etc.*, 43 Barb. 33 ; *Cross* v. *Beard*, 26 N. Y. 85 ; *Murphy* v. *Buckman*, 66 N. Y. 297.) Paragraph 7 of the contract, providing for an extension of the time limit fixed for completion under the circumstances there mentioned, does not preclude the plaintiff from recovering damages for such delays. (*Roberts* v. *B. I. Co.*, 39 L. J. [C. L.] 129 ; *Allamon* v. *Mayor, etc.*, 43 Barb. 33 ; *Kelly & Kelly* v. *U. S.*, 31 Ct. of Claims, 361 ; *Cramp* v. *U. S.*, 41 Ct. of Claims, 164 ; *Del Genovese* v. *T. A. R. R. Co.*, 13 App. Div. 412 ; *Nelson* v. *P. A. Co.*, 30 Ill. App. 333.) All elements of damage suffered by this plaintiff as a result of the breach of contract by the defendant, which may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, or which naturally flow from the breach of the contract, so that the parties would be chargeable with notice or knowledge that they would flow from the breach, and can be shown with reasonable certainty to have been caused by the breach of the contract, can be recovered. (*Hadley* v. *Baxendale*, 9 Exch. 341 ; *Allamon* v. *Mayor of Albany*, 43 Barb. 33 ; *Wakeman* v. *W. & W. Mfg. Co.*, 101 N. Y. 205 ; *W. C.*

*Co.* v. *Holbrook*, 118 N. Y. 586; *Cassidy* v. *Le Fevre*, 45 N. Y. 562; *Nichols* v. *A. S. & W. Co.*, 117 App. Div. 21; *Leonard* v. *N. Y. T. Co.*, 41 N. Y. 544; *Snell* v. *R. P. Co.*, 102 App. Div. 138; *Kelly & Kelly* v. *U. S.*, 31 Ct. of Claims, 361; *Meyer* v. *Haven,* 70 App. Div. 529.)

*Robert Thorn* for respondent.   Under the contract in this suit, the defendant Wills was not responsible for any damages suffered by the plaintiff by reason of the neglect, default or delay of the architects. (*Del Genovese* v. *T. A. R. R. Co.*, 13 App. Div. 413; *H. M. & M. Co.* v. *Art Institute,* 39 Fed. Rep. 484; *Richard* v. *Clark,* 43 Misc. Rep. 622; *Genet* v. *D. & H. C. Co.*, 136 N. Y. 593; *Dermott* v. *State,* 109 N. Y. 101; *Reed* v. *Fox,* 119 App. Div. 366.)

Gray, J.   By this action the plaintiff has sought to recover from the defendant the balance due upon a contract between them and, in addition, damages for its alleged breach.   When made, the defendant was under contract with Andrew Carnegie for the construction of a residence, which was to be performed under the direction of Babb, Cook and Willard, architects, and plaintiff's contract was for the furnishing of the granite work called for in that contract.   He agreed that he would provide all the material and perform all the work in the furnishing and the setting of the granite, necessary in the completion of the residence, "under the direction and to the satisfaction of Messrs. Babb, Cook and Willard, architects, acting for the purposes of this contract as agents of the owner."   By the next article of the contract, it was provided that the "architects shall furnish to the party of the first part, (the plaintiff), such further drawings, or explanations, as may be necessary to detail and illustrate the work to be done;" which the plaintiff was to conform to "as part of this contract."   Another article of the contract required the plaintiff to complete the work comprehended within the agreement on, or before, a date mentioned.   In the event of a failure to so complete it, the sum of $25 was mutually agreed upon

as liquidated damages for each day's delay. But, by another article, it was provided that "should the party of the first part be obstructed or delayed in the prosecution or completion of the said work by the act, neglect, delay or default of the party of the second part, (the defendant), or the architects, or of any other contractor employed by the party of the second part upon the work  *  *  *  then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or of all the causes aforesaid." The defendant admitted his liability for the balance demanded as due upon the contract and the only issue, which was litigated upon the trial, was his liability for losses claimed by the plaintiff to have been suffered by reason of delays of the architects, in furnishing the detailed drawings and plans necessary to be had by him. The elements of these losses were the carrying expenses of quarries reserved and equipped for operation, in order to execute the contract, and kept in idleness by the delays.

At the conclusion of the trial, the court directed a verdict for the balance, which was admitted to be due under the contract, and as to other claims for damages the complaint was dismissed. This disposition of the case has been affirmed by the Appellate Division and the only important question, upon this appeal of the plaintiff, for our consideration is whether, under the contract of the parties, the defendant can be made answerable for any losses caused by the default of the architects. The argument is that the positive duty imposed upon the plaintiff must be considered in the light of a corresponding obligation to be implied as resting upon the defendant " to furnish the necessary drawings and plans so as to enable the plaintiff to complete the work within the contracted time." It is contended that without a construction, which would imply such an obligation on the part of the defendant, the mutuality of contract would be destroyed and it is insisted that the architects " acted in a twofold capacity," which is to say, they were as much the agents of the defendant as those of the owner. The appellant refers to that pro-

vision of this contract, under which the architects were to furnish to the plaintiff such further drawings as might be necessary, as a covenant of the defendant and he, also, refers to the defendant's agreement "to provide all labor and materials not included in the contract in such manner as not to delay the material progress of the work."

The relative obligations of these parties are to be determined by the terms of their contract and they are not left to surmise, or inference. Their determination is not to be influenced by any considerations save those justified by their agreements; for when parties have made their contract, it is the duty of courts to enforce it, as they have elected to make it, without regard to the fact that, in the light of subsequent events, a hardship may be worked. (*Coulter* v. *Board of Education*, 63 N. Y. 365.) Ordinarily, as between a subcontractor and the contractor, who is in control of the general work to be performed, the law places the latter under an obligation to the former to make good all losses consequent upon delays in the progress of the work, not attributable to the former. The rule may be assumed to be well settled by the authorities, and it is founded in justice, that, where a party has assumed a positive obligation of the nature of this plaintiff's agreement, a corresponding obligation, if not expressed in terms, will, nevertheless, be implied as resting upon the other party, to whom the agreement runs, to be answerable for all losses caused by delays, which his control of the work should make him responsible for; either because he might have prevented them, or because the contract itself was not so framed as, in the event of their happening, either to exempt him, or to permit the inference of an intention that responsibility should rest elsewhere. Reference to the cases cited, of *Allamon* v. *Mayor, etc., of Albany*, (43 Barb. 33), *Del Genovese* v. *Third Ave. R. R. Co.*, (13 App. Div. 412; affd., 162 N. Y. 614), and *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, (102 N. Y. 205), will illustrate the application of this rule of mutuality of obligation. In *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, the action was by the contractor against the owner

to recover damages for a breach of the contract, in the failure by the latter to have the foundations ready for the erection of the elevator contracted for. Time was of primary importance under the contract and a penalty in damages was stipulated for, in the event of the contractor's delay in completion. In that case the law was held to require "the implication of a covenant on the part of the defendant to prepare the foundations in question so as to have them in a condition to enable the contractors to prosecute their work to the utmost advantage and economy." The defendant's contention, that the absence of a provision fixing a time for their being in readiness left it to the determination of the defendant's engineer, was deemed unreasonable. "Any other construction," it was said, "would destroy the mutuality of the agreement and put it practically in the power of one party to defeat performance by the other." (p. 212.)

This just rule, which the authorities sanction, will have its proper application in all like cases; but it is made inapplicable to the present case by the express and peculiar provisions of the contract; which, as between sub-contractor and contractor, refer the former to the owner's agents, the architects, and offset their delays in furnishing plans by equivalent extensions of time for completion. Giving to the appellant the benefit of the rule, in its fullest extent, he is met with an insuperable difficulty, in the enforcement of a claim for damages suffered from delays of the architects, by the explicitness of the agreements. They negative the assumption that it was within the contemplation of the parties that any obligation rested upon the contractor to respond for such defaults and compel the construction that the contrary was intended and provided for. The plaintiff knew of the defendant being under a contract with the owner of the property, which gave the absolute control of the work to Babb, Cook and Willard, the owner's architects, and, with such knowledge, he was, also, willing to agree, in his contract, to perform his work under their direction and to their satisfaction " *acting for the purposes of this contract as agents of the owner.*"

It is of some significance, in stipulating for liquidated damages, in the event of a delay in the completion of the work by the plaintiff, where he was not at fault and the delay was attributable to the defendant, " *or the architects,*" that there was to be an extension of the plaintiff's time for completion, equivalent to the time lost by reason of the delay thus caused. However we regard the provisions of this contract, we find no room for the construction that the defendant was to be held for the default of the architects in furnishing plans. Nor is the argument sound that the second article, which provides " that the architects shall furnish to the party of the first part (plaintiff) such further drawings, as may be necessary to detail and illustrate the work to be done," etc., was a covenant of the defendant. That article is to be read in connection with what had been agreed to in the previous article, namely, that the architects were " acting for the purposes of this contract as the agents of the owners," and so read, it, simply, means that the plaintiff was to look to them for the delivery of the drawings. The argument, based upon the article that the contractor was " to provide all labor and materials not included in this contract in such manner as not to delay the material progress of the work," does not avail the appellant. That, plainly, had reference to what the contractor had undertaken to do, or furnish, for the owner, aside from the plaintiff's part of the work. It was an agreement by the contractor that the rest of the work of construction should be proceeded with, so far as he was in control, without that delay which would interfere with plaintiff's performance. Such a question is not here. While, if this contract had not explicitly declared upon the subject of the architects, in defining their agency and control, the contractor might, with some reason, be held answerable for losses to the sub-contractor from a delay in receiving the working drawings, that limitation is controlling and the further provision, extending the plaintiff's time for completion proportionately to the delay of the architects, emphasizes the intended exemption of the contractor in such event.

I think that the determination reached by the courts below was correct and, therefore, that the judgment appealed from should be affirmed.

CULLEN, Ch. J., EDWARD T. BARTLETT, VANN, WILLARD BARTLETT and CHASE, JJ., concur; HAIGHT, J., absent.

Judgment affirmed, with costs.