(164 App. Div. 128)

## MECHANICS' BANK v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 30, 1914.)

1. MUNICIPAL CORPORATIONS (§ 374*)—PUBLIC IMPROVEMENTS—CONTRACTS—DELAY IN PARTIAL PAYMENT.

Where a city failed to make a payment on account, as required by the contract for a sewer, the contractor could either repudiate the contract and recover the contract price for the work done, or could continue the work and sue for the past-due installment.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 905, 910; Dec. Dig. § 374.*]

2. MUNICIPAL CORPORATIONS (§ 370*)—PUBLIC IMPROVEMENTS—CONTRACTS—DELAY IN PARTIAL PAYMENT.

Where the contractor, after stopping work for some time, because of the failure of the city to make a partial payment when due, agreed to accept payment of the principal thereof, without reserving any right to recover interest for the delay, he waived any right to such interest, which is the measure of damages for the delay.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 902, 903, 908, 909; Dec. Dig. § 370.*]

3. MUNICIPAL CORPORATIONS (§ 374*)—PUBLIC IMPROVEMENTS—CONTRACTS—REMEDIES FOR SUSPENSION OF WORK.

Where a clause in the contract for a city sewer authorized the borough president to suspend work, if he deemed it for the best interests of the city, without compensation to the contractor, except such extension of time for the completion of the work as the president deemed necessary, the extension of time was the exclusive relief to which the contractor would be entitled in case of such suspension.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 905, 910; Dec. Dig. § 374.*]

4. MUNICIPAL CORPORATIONS (§ 360*)—PUBLIC IMPROVEMENTS—CONTRACTS—COMPENSATION FOR EXTRA WORK.

A clause in a contract for city sewers, which provides that no damages shall be allowed to the contractor because of the street not being in the condition contemplated, except an extension of time for delay occasioned thereby, does not relieve the city from liability to the contractor for the increased cost of construction resulting from the acts of the city or its contractors in other work on the same street.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 892, 892½; Dec. Dig. § 360.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Cross-Appeals from Trial Term, Kings County.

Action by the Mechanics' Bank against the City of New York. From a judgment dismissing the plaintiff's first and fifth causes of action, and in favor of the plaintiff on its second, third, fourth, and seventh causes of action, both parties appeal. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

John C. Wait, of New York City, for plaintiff.

William E. C. Mayer, of New York City (Terence Farley, of New York City, and R. Percy Chittenden, of Brooklyn, on the brief), for defendant.

RICH, J. The plaintiff appeals from so much of the judgment as dismisses its first and fifth alleged causes of action, and from so much of an order as denies its motion, made at the close of the case, to set aside the directions of dismissal, and for a trial of said causes of action; and the defendant appeals from so much of the judgment as sustains the plaintiff's second, third, fourth, and seventh alleged causes of action, and from that part of the order which denies its motion to set aside the general and special verdicts as to such causes of action.

The action is brought by an assignee of a contractor for the construction of certain sewers. Work was commenced thereon about the 20th of August, 1905, and proceeded until some time in December, when the contractor was informed that his work was defective, un-satisfactory, and would not be accepted; that he would have to take it all up and do it over again. A payment being due and unpaid, he stopped work, and did not proceed therewith until August following (1906), when the delayed payment was made and the contractor resumed work. The first cause of action is to recover damages for the defendant's alleged suspension of the work between December, 1905, and August, 1906. The contract contains a provision that:

"Mason work of all kinds shall cease on the 15th day of December in each year, and shall not be resumed until March 15th, unless the engineer shall otherwise direct in writing," etc.

Also the following provision:

"(K) The president may suspend the whole or any part of the work herein contracted to be done if he shall deem it for the interest of the city so to do, without compensation to the contractor for such suspension other than extending the time for completing the work as much as it may be, in the opinion of the president, delayed by such suspension," etc.

It appears that during the winter the defendant was engaged in the inspection and examination of sewer work in the city, including that done by plaintiff's assignor; that, commencing early in the spring, the defendant endeavored to have the assignor, Murray, resume work, which he refused to do, and on March 17th he was notified in writing that work on all contracts suspended in December, 1905, under the requirements of article 82 of the contract, was to be resumed, and that time would be counted against all unfinished contracts from and after March 21, 1906. Murray admits receiving this notice, but he did not

149 N.Y.S.—50

resume work until August following. It is clear from his evidence that his refusal to proceed with the work in the spring of 1906 was because of nonpayment of the money he was entitled to receive under the third progress certificate, and it was not until the delayed payment was made and the work had been accepted that he resumed the work of construction.

[1] There is no evidence indicating that the city ever raised any question about the further work to be done to finish the contract work. Its contention was as to the work that had been done. If the contention of the contractor that the failure to pay the money he was entitled to be paid constituted a breach of the contract by the defendant be conceded, he had two remedies: First, he might stop work, repudiate the contract, and recover the contract price for the work done; or, second, he might continue the work and sue for the past-due installment. Wharton & Co. v. Winch, 140 N. Y. 287, 294, 35 N. E. 589.

[2] But the plaintiff and its assignor, after negotiating with the representatives of the city, accepted the principal of the third progress certificate, and, as Murray says, "proceeded to finish the work." By so doing they waived the right to interest upon the deferred payment as damages for the delay, which was the measure of damages. Cutter v. Mayor, etc., of New York, 92 N. Y. 166; McCreery v. Day, 119 N. Y. 1, 9, 23 N. E. 198, 6 L. R. A. 503, 16 Am. St. Rep. 793; Matter of Hodgman, 140 N. Y. 421, 429, 35 N. E. 660; Forschirm v. Mechanics' & Traders' Bank, 137 App. Div. 149, 152, 122 N. Y. Supp. 168.

[3] The only remaining element to be considered under the first alleged cause of action is the plaintiff's contention that the defendant arrested the work by notice to the contractor that his work was not in accordance with the contract, was unsatisfactory, and would not be paid for. The evidence establishes that, if the borough president suspended the work, it was under the provisions of clause K of the contract, because of a claim of improper and defective materials used, and because of a borough-wide investigation of cement pipe sewers, which was being conducted in good faith by the municipal authorities. There is no evidence justifying the presumption that the city abandoned the contract, and its effort to induce Murray to proceed with the work shows the contrary to have been the fact. The contract was prepared to meet just such an emergency, and by its terms relieved the city from liability to the contractor, except for a proper extension of the time specified for completion; and when parties to a contract specifically provide for the consequences of its breach, the remedy thus provided is exclusive. Richard v. Clark, 43 Misc. Rep. 622, 627, 88 N. Y. Supp. 242; Norcross v. Wills, 198 N. Y. 336, 341, 91 N. E. 803; Fortunato v. Patten, 147 N. Y. 277, 41 N. E. 572; Read v. Fox, 119 App. Div. 366, 104 N. Y. Supp. 251.

It is contended that under the authority of Ryan v. City of New York, 159 App. Div. 105, 143 N. Y. Supp. 974, the acceptance of a progress payment, which is a percentage of the amount earned, is not an acceptance of the principal, which precludes the recovery of interest; but Mr. Justice Hotchkiss, writing for the court in that case, based his decision that interest was recoverable upon the ground that:

"The receipts given by plaintiff himself for the several monthly payments made to him or to his firm personally were qualified, so as to reserve plaintiff's claim for interest."

This fact does not exist in the case at bar, which removes it from the operation of the authority cited. The report of the engineer, Griffith, shows that the contract allowance of time was made. Under the recovery by the plaintiff of the $4,185 deducted by the city as liquidated damages or overtime deductions, with $1,035 interest thereon, the plaintiff has recovered full and complete allowance of time occasioned by any delay due to the alleged suspension or arrest of work. The complaint as to the first cause of action was therefore properly dismissed.

[4] The plaintiff recovered $2,279.35 under its second cause of action as damages for the additional expense of its assignor in constructing the sewer, by having to remove materials which were placed upon the route after the contract was entered into by the city or its contractors upon other work. From this portion of the judgment the city appeals, basing its contention on clause L of the contract, which provides:

"Should postponement or delay be occasioned by the precedent of paving or other contracts, which may be either let or executed before or after the execution of this contract, on the line of the work, no claim for damages therefor shall be made or allowed to the contractor; nor shall any claim for damages be made or allowed in consequence of the street or the adjoining sewers not being in the condition contemplated by the parties at the time of making the contract, except that if the contractor shall be delayed in performance of his work by reason of the street or the adjoining sewers not being in such condition, or by reason of the work or any part thereof being suspended as above provided, such allowance of time as the president shall deem reasonable shall be made by the president in the manner hereinafter provided for."

This clause is limited to delay, and does not cover removal of material by the contractor or the consequent increased cost to him in the construction of the sewer. The plaintiff made no claim for the removal of the material. Its contention was that the work of its assignor under the contract, and his expenses, were largely increased by the conditions which prevailed by reason of the accumulation and presence of the material, and the recovery is only for such increased costs and expenses of construction resulting from the acts of the city or its contractors for other work, after the contract was entered into. The contention now made by the city was overruled in Thilemann v. City of New York, 82 App. Div. 136, 140, 81 N. Y. Supp. 776, in which Mr. Justice O'Brien, writing for the court, after quoting the provisions of clause L, says:

"The filling in of the avenues by others to whom had been awarded contracts for regulating and grading such avenues was not in the nature of an 'incumbrance or obstruction' contemplated by the parties; nor was it a 'change of condition' such as could have been contemplated. By its own act in permitting the other contractors to proceed with grading and regulating the very streets and avenues in which the plaintiff was directed to construct his sewer in accordance with the condition of the locality as it originally was, the city increased the plaintiff's work, and for the additional cost it should respond in damages."

The court cites Rogers v. City of New York, 71 App. Div. 618, 76 N. Y. Supp. 1029, affirmed 173 N. Y. 623, 66 N. E. 1115, and, continuing, says:

"In the Rogers Case, also, a contractor for sewer work was obliged to remove filling placed on the line of his work by a contractor who preceded him in the avenue, and for the increased cost a verdict was directed in plaintiff's favor, and the judgment so entered was affirmed by this court and the Court of Appeals."

The rule so declared was followed by the learned trial court in his charge to the jury in the case at bar.

Judgment and order affirmed, without costs to either party in this court.

JENKS, P. J., and CARR and PUTNAM, JJ., concur. BURR, J., not voting.