THE W. L. WAPLES Co., Respondent, v. THE STATE OF NEW YORK, Appellant.

Third Department, May 2, 1917.

Contract — agreement to clean and waterproof stone surface of State Capitol building construed — liability to contractor for delay due to examination and acceptance of method of waterproofing, and also for temporary suspensions ordered because of noise interrupting hearings being held in building.

A contractor with the State agreed to furnish the material and labor necessary for cleaning, pointing and waterproofing the stone work of a portion of the exterior of the State Capitol building. The contract provided that the work should be commenced promptly and prosecuted with diligence, and. that the contractor should be liable in specified liquidated damages for each day of delay beyond the date named for completion, and that " no charges shall be made by the contractor for any delays or hindrances from any cause during the progress of any portion of the work embraced in his contract; " but that should a delay be caused by any act of the State authorities, the contractor would be allowed an extension of time. The contract also provided that the stone surfaces should " be treated by a method to be proposed by the contractor that will waterproof and preserve the stone, without changing the appearance of the building, for a period of five years, and which the contractor shall guarantee by a surety company bond in the amount to be stated in his proposal."

Held, that the reasonable and necessary delays by the State in fixing upon the method of waterproofing to be used were within the contemplation of the contract, and hence the State should not be held liable on account thereof if defendant granted the contractor a corresponding extension of time in which to complete its contract;

But delay resulting from the holding of the impeachment trial necessitating temporary suspensions of the work because of the noise from the sand blasts was not within the contemplation of the parties, and hence the State is liable for damages resulting therefrom.

KELLOGG, P. J., and COCHRANE, J., dissented.

APPEAL by the defendant, The State of New York, from an order and determination of the Court of Claims, entered in the office of the clerk of said court on the 22d day of May, 1916, awarding claimant the sum of $465.

*Egburt E. Woodbury, Attorney-General* [*Edmund H. Lewis, Deputy Attorney-General,* of counsel], for the appellant.

*William E. Woollard,* for the respondent.

LYON, J.:

On July 29, 1913, the claimant entered into a contract with the State to furnish the material and labor necessary for cleaning, pointing and waterproofing the stone work of the exterior, and of the central and two western courts of the State Capitol building at Albany. The contract provided that the work should be commenced promptly and prosecuted with diligence, and that the claimant should be liable in specified liquidated damages for each day of delay beyond the date named for completion, and that " no charges shall be made by the contractor for any delays or hindrances from any cause during the progress of any portion of the work embraced in his contract;" but that should a delay be caused by any act of the State authorities, the contractor would be allowed an extension of time for completion of the work sufficient to allow for the delay. The contract also contained the following clause: " By waterproofing is meant that all stone surfaces of the exterior of the building and the central court and two western courts shall be treated by a method to be proposed by the contractor that will waterproof and preserve the stone, without changing the appearance of the building, for a period of five years, and which the contractor shall guarantee by a surety company bond in amount to be stated in his proposal."

The claimant entered upon the performance of the contract about one week after its execution and prosecuted the work with diligence. His method of operation was first to clean the stone work by means of a compressed air sand blast; next to do the pointing, that is, to fill the interstices between the stones with cement, which the workmen did standing upon a swinging scaffold suspended from the top of the building by means of pulleys and ropes, and lowered as the work progressed, thus in full descent pointing a strip about twenty feet wide extending from the top of the building to the ground; and lastly to do the waterproofing which consisted simply of applying a liquid to the surface of the stones by means of brushes. The plan of the claimant was to immediately follow the pointing of a strip of the building, with the waterproofing, thus avoiding making any change in the location of the pulleys and scaffold until the work of both pointing and waterproofing of the strip had been completed.

Following the entering of the claimant upon the performance of the contract, experiments were made with three or more kinds of waterproofing preparations, and about September first one was found which was satisfactory. In the meantime the work of pointing, without waterproofing being done, had progressed over the space of twenty-five strips, making it necessary for the claimant in order to do the waterproofing over these strips to rehang the pulleys and scaffold twenty-five times, each of which required the services of two men for three hours at a cost to claimant of seventy-five cents per hour. This expense which the claimant alleges was made necessary solely by the delay of the State authorities in specifying the kind of waterproofing to be used, is stated in the claim, and has been carried through the proceedings, and stated in the award as $225, whereas the correct computation would seem to be $112.50. This charge constituted the first of the two items of the claim in controversy amounting to $465.

The second item is of $240 on account of suspensions of claimant's work, between September seventeenth and October eighteenth, for periods of a few hours each aggregating six hundred hours, made necessary by demands of the State authorities that the claimant temporarily cease operating the sand blast, the noise from which disturbed the hearings of the Sulzer impeachment trial being had in the Senate chamber. The claimant's employees were day laborers, and claimant was compelled to pay them full day wages without the benefit of any deduction on account of short suspensions of work.

The Court of Claims allowed the claim in full, and from such determination this appeal has been taken. The items of the bill as to time lost are not seriously questioned by the State, and practically the only question to be considered by us is whether they constitute legal claims against the State.

As to the first item, the kind of waterproofing to be used was not fixed, but by the terms of the contract was to be proposed by the contractor, and to possess the qualities of preserving the stone and not changing the appearance of the building. Clearly the contract contemplated, as acknowledged by the claimant in its communication to the State Architect of August 13, 1913, that the material proposed by the con-

tractor should be subjected, before acceptance, to tests to be made by the State Architect and his assistants. Concededly the waterproofing designated by the claimant August thirteenth, after the contract work had progressed for fully one week, the result of the application of which proofing upon a marble slab was to be submitted to the State Architect the following Monday, August eighteenth, did not comply with the provisions of the contract as it badly blackened the stone. At what times the other makes of waterproofing, which the evidence indicates were at least two, were submitted by the contractor does not appear, but the claimant's president testified that the last day of delay for which it was making claim on account of re-erecting the scaffold had been settled on as about September first. Hence the period of alleged delay upon the part of the State must have been confined to the two weeks commencing August eighteenth and ending September first. The letter of the State Architect of date September fifteenth authorizing the use of a certain waterproofing compound was plainly intended as a formal recognition of the claimant's right to use such material, as the evidence shows that the material was used by the claimant prior to the date of the letter, and undoubtedly on or about September first, under a verbal or less formal acquiescence.

It appears from the letter of the representative of a waterproofing compound proposed by the claimant that time was necessary for the proofing to cure after being applied in order to determine the result of its use. The selection of the proper waterproofing was a matter of importance, and the State was entitled to take all the time necessary in which to investigate as to the merits of the various compounds and to reach an intelligent conclusion. I think that all reasonable and necessary delays incident to that purpose should be held to have been within the contemplation of the contract, and hence that under the clause before quoted the State should be held to be exempted from all liability on account thereof but that the claimant was entitled to a corresponding extension of time in which to complete its contract. This was apparently allowed it as no claim seems to have been made by the State for the stipulated penalty on account of the failure of the claimant to complete the contract within the stipulated period.

Under the contract the burden of obtaining and proposing to the State Architect suitable waterproofing was upon the claimant. Upon the hearing before the Court of Claims the burden of establishing the liability of the State was also upon the claimant. The evidence fails to establish claimant's contention that the State subjected the claimant to any unreasonable or unnecessary delay in fixing upon the waterproofing to be used. I think, therefore, that the first item of the claim should have been disallowed.

The second item of damages stands upon a different footing. The contract should be reasonably construed. (*Curnan v. D. & O. R. R. Co.,* 138 N. Y. 480.) That there would be delay resulting from the holding of the impeachment trial necessitating temporary suspensions of the work was plainly not within the contemplation of the parties. These delays were caused by the active interference of the State authorities in the prosecution by claimant of its work which so far as appears was being properly conducted and making no more noise than was actually necessary. The contract had not in contemplation that compensation was to be made for such delays by mere extension of time for the performance of the contract. I think the allowance of the second item of the claim was proper.

The judgment appealed from should be modified by reducing the award to $240, and as so modified affirmed, without costs to either party in this court.

All concurred, except KELLOGG, P. J., and COCHRANE, J., who dissented, and voted for reversal.

Judgment modified by reducing the award to $240, and as so modified affirmed, without costs to either party in this court.