HEREWARD M. MACK and BURTIS D. MACK, Claimants, *v.* THE STATE OF NEW YORK.

Claim No. 16851.

Court of Claims, December, 1923.

Claims against state — contract for installation of electrical work — when provision in contract with state bars recovery for damages caused by delay on part of state.

A provision in a contract with the state for the installation of electrical work in buildings to be erected by it, that " No charges shall be made by the contractor for any delays or hindrances for any cause during the progress of any portion of the work embraced in his contract.  If the delay be caused by any act of the State's authorities or of other contractors for the State, the contractor will be granted an extension of time for the completion of the work sufficient to allow for the delay; provided the contractor shall give immediate notice of the same in writing," is a bar to a recovery for damages resulting from delay on the part of the state in getting the buildings in readiness for the work and equipment called for by the contract, and a motion to dismiss a claim for damages for an alleged breach of contract, as for a nonsuit, will be granted.

CLAIM for damages by reason of alleged breach of contract.

*Ainsworth, Sullivan, Wheat & Archibald,* for claimants.

*Charles D. Newton* and *Carl Sherman,* attorneys-general (*Porter L. Merriman* and *Julie R. Jenney,* deputy attorneys-general, of counsel), for the State of New York.

SMITH, J.  This claim is for damages alleged by claimants to have been sustained by them as the results of delays occasioned by the fault of the state in the performance of the work of three several contracts which claimants had with the state.

The contracts were for the installation of certain electrical work to be installed in buildings to be erected by the state at Letchworth Village, a state institution.

Claimants claim that the state unreasonably and negligently delayed getting its buildings in readiness for the installation of the electrical work and equipment contracted to be done by the claimants so that claimants' work was interfered with, upset, delayed and performed under great embarrassment and at greatly increased cost to them due to the increased costs of material and labor in the extended period during which the work was performed.

The evidence offered by claimants, uncontradicted and unexplained as it is, would be sufficient to establish the liability of the state were it not for a paragraph in the contracts which it is claimed by the state absolves it from liability.

At the close of claimants' case the state moved for dismissal of the claim, as for a nonsuit, upon the ground that the facts proven by claimants are insufficient to establish a valid claim against the state.

The contracts, which were identical in this respect, provided, among other things: " No charges shall be made by the contractor for any delays or hindrances for any cause during the progress of any portion of the work embraced in his contract. If the delay be caused by any act of the State's authorities or of other contractors for the State, the contractor will be granted an extension of time for the completion of the work sufficient to allow for the delay; provided the contractor shall give immediate notice of the same in writing."

This provision of the contracts seems to be a complete bar to recovery by claimants of the damages resulting from delays of the nature alleged in the claim and proven upon the trial. It is couched in simple language and its meaning is plain, namely, that the risk of delays was assumed by claimants.

Claimants, however, urge that the provision was intended to protect the state against the consequences of reasonable delays only and that unreasonable delays, which it claims the evidence here establishes, were not within the contemplation of the parties, hence not within the meaning of the provision of the contracts above quoted.

The language of the contracts furnishes a complete answer to claimants' contention. It does not absolve the state from liability for the consequences of *reasonable* delays but of delays or hindrances for any cause. Without the presence in the contracts of the provision above quoted, there would be no liability on account of the reasonable delays. *Del Genovese* v. *Third Avenue*

*R. R. Co.,* 13 App. Div. 412, 422. It was evidently for the purpose of eliminating the vexatious question of what delays might be regarded as reasonable and what unreasonable that the risk of all delays was placed by the contracts upon the contractors.

In *Waples Co.* v. *State of New York,* 178 App. Div. 357, cited by claimants, it was held by a bare majority of the court that a contract provision similar to that here being considered did not protect the state from liability for damages resulting from the active interference of the state with work being done under the contract.

In that case progress of the work was suspended by order of the state for reasons and considerations in no way related to the contract work, and it was held that such a situation was not within the contemplation of the parties when the contract was made, hence, not within the meaning of the contract.

*Lewis* v. *State of New York,* unreported decision of the Court of Claims, February 13, 1919, was similar to the *Waples* case.

In the instant case there is no proof of any active interference by the state with the contract work and in that respect it differs essentially from the *Waples* and *Lewis* cases.

In *Curnan* v. *D. & O. R. R. Co.,* 138 N. Y. 480 (cited by claimants), no damages were awarded for delays as for a breach of the original contract. The damages awarded were for the wages of men and for the value of the use of teams and property which plaintiff had kept unemployed upon the work at the request of defendant during a period of suspension of work ordered by defendant, the court holding that there was an implied contract to pay for these items growing out of the order to suspend the work but to keep the men and teams upon the work so as to be ready to resume when required.

In the contract considered in *American Pipe & Construction Company* v. *State of New York,* 3 State Dept. Rep. 325, also cited by claimants, there was no provision as to delays similar to that in claimants' contracts, and the same is true of *Del Genovese* v. *Third Avenue R. R. Co., supra; Allamon* v. *Mayor,* 43 Barb. 33; *Ryder Building Co.* v. *City of Albany,* 187 App. Div. 868; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.,* 102 N. Y. 205; *Weeks* v. *Rector, etc.,* 56 App. Div. 195; *Barnum* v. *Williams,* 115 id. 694; *Belmar Contracting Co.* v. *State of New York,* 194 id. 69.

The motion for dismissal as for a nonsuit should be granted.

Corwin, J., concurs.

Ordered accordingly.