A. B. BARR & COMPANY, INC., Claimants, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 17636.)

Court of Claims, March 24, 1926.

**State — claim against State for increased cost of performing construction contract caused by delay of another contractor — clause in contract between claimant and State, reciting no charges shall be made by contractor for delays from any cause during progress of work, bars recovery — Laws of 1923, chap. 821, authorizing Court of Claims to hear claim and making State liable if court finds expenditures were made and damages were suffered, invalid, under State Constitution, art. 3, § 28, and art. 8, § 9 — claim dismissed.**

A claim against the State of New York for the increased cost of performing a contract covering installation of certain heating work in buildings at Sing Sing Prison, by reason of the fact that the contractor erecting the buildings did not progress with the work as contemplated by its contract, so that the costs to the claimant of performing its contract were substantially increased, is barred by reason of a provision in the contract between the claimant and the State which recited " no charges shall be made by the contractor for any delays or hindrances from any cause during the progress of any portion of the work " under the contract.

Claimant is not entitled to recover by reason of chapter 821 of the Laws of 1923, which authorizes the Court of Claims to hear and determine claimant's claim and to render judgment thereon if the court finds that the expenditures were made and the damages suffered were caused by the act or omission of any contractor in the performance or completion of his contract, for the reason that said statute contravenes article 3, section 28, of the State Constitution in that it provides for increased compensation to a contractor and imposes upon the State the consequences of acts and omissions, not of the State, but of another contractor. Moreover, said statute is invalid in that it runs counter to article 8, section 9, of the State Constitution, since, in effect, it attempts a gift of moneys of the State in aid of a corporation; the claim should, therefore, be dismissed, for its payment would be a mere gratuity forbidden by the Constitution.

CLAIM against State for increased cost of performing contract caused by delay by another contractor.

*M. Vincent Ryan* [*Henry Henderson* of counsel], for the claimant.

*Carl Sherman, Attorney-General* [*Lyman A. Kilburn, Deputy Attorney-General*, of counsel], for the defendant.

SMITH, J. This claimant had a contract with the State of New York to furnish the materials and perform the labor of installing certain heating work in buildings at Sing Sing Prison, the buildings to be erected by another contractor.

Claimant's contract was dated June 26, 1919, and by its terms the work to be performed under it was to have been completed on or before June 21, 1921, for the flat sum of $59,900, which has been paid.

The building contractor's contract likewise was dated June 26, 1919, and by its terms the work to be done under it was to be fully completed on or before June 21, 1921.

Due to the fact that the building contractor did not progress its work as contemplated by its contract and with such dispatch as to seasonably prepare the buildings for the reception of claimant's work, claimant was delayed in the performance of its contract so that the work was not completed until on or about December 28, 1922.

On account of the increased costs of labor, materials, superintendence and insurance during the period of delay in the performance of claimant's contract, the cost to claimant of performing the contract was increased in the sum of $14,928.78, and this claim has been filed to recover the amount of such increased cost.

The contract between claimant and the State contained the following provision: " No charges shall be made by the contractor for any delays or hindrances from any cause during the progress of any portion of the work embraced in his contract. If the delay be caused by any act of the State authorities or by other contractors for the State, or in consequence of the condition of weather, the contractor will be granted an extension of time for the completion of the work sufficient to allow for the delay, provided the contractor shall give immediate notice of the cause in writing."

In *Mack* v. *State* (122 Misc. 86; affd., 211 App. Div. 825) we held that such a provision in a contract was a complete bar to recovery of damages caused by delays except such as were caused by the active interference with the work of the contract by the State.

This would effectually dispose of this claim were it not for the fact that claimant has sought and obtained the intervention of the Legislature, which, by chapter 821 of the Laws of 1923, has provided as follows: " Jurisdiction is hereby conferred upon the court of claims to hear and determine the claim of A. B. Barr & Company, Incorporated, for moneys claimed to have been expended and damages sustained by it in the performance and completion of its contract for the heating and ventilation of buildings, four, five, seven and eight at Sing Sing prison within the time specified alleged to have been occasioned by the failure or delay in the erection of said buildings so as to enable the claimant to perform

and complete its contract within the time specified therefor, and if the court finds that the expenditures were made and damages sustained as alleged in the claim were caused by the act or omission of any contractor in the performance and completion of his contract in relation to the construction of said buildings, and without fault or neglect on the part of the claimant, the State shall be deemed liable therefor and they shall constitute a legal and valid claim against the State, and the court may award and render judgment for the claimant for such sum as shall be just and equitable; notwithstanding the lapse of time since such claim or any part thereof accrued, or the failure to do any act in relation to the presentation of such claim within the time prescribed by law, provided that such claim be filed within six months after the passage of this act."

If this act is a valid exercise of legislative power, claimant must recover the amount of its damage caused by the delays of the building contractor.

The Attorney-General, however, contends that the act contravenes article 3, section 28, of the State Constitution, in that it provides for increased compensation to a contractor, and with such contention we feel forced to concur. It also contravenes article 8, section 9, of the State Constitution, in that it in effect attempts a gift of moneys of the State in aid of a corporation.

Without the benefit of the act, claimant had no valid claim against the State which had fully met every obligation of the contract which it had assumed. The act seeks to impose upon the State the consequences of acts and omissions, not of the State, but of another contractor, by providing for the payment to claimant of additional compensation equal to the amount whereby the cost of performing its work has been increased by reason of default of the building contractor.

There is no moral obligation resting upon the State to pay this extra compensation and its payment would be a gratuity forbidden by the Constitution. (*Gordon* v. *State*, 233 N. Y. 1; *People* v. *Westchester County National Bank*, 231 id. 465.)

The claim should be dismissed upon the merits.

PARSONS, J., concurs.