F. N. LEWIS COMPANY, INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 17483.)

Court of Claims, August 22, 1928.

**State — claim against — claim for extra expenses based on failure of general contractor to progress work so as to permit claimant to complete its contract — claimant's contract was actually completed within time specified — claimant cannot recover for said delays — claimant may recover expenses arising out of delays caused by failure of State to have other contracts completed.**

The claimant entered into a contract with the State to install plumbing, water pumping apparatus and chlorine apparatus for the water supply for Sing Sing Prison.    Under the terms of the contract it was to be completed June 21, 1921, and, in fact, it was completed, except for testing, before that time.    The claimant contends that it is entitled to recover extra expenses from January 1, 1921, to May 20, 1921, caused by the failure of the general contractor to progress the work and prepare the pump house and reservoir for the installation of claimant's equipment.    Claimant cannot recover, since if there was any delay it did not prevent the claimant from finishing its work within the agreed time.

The claimant may recover, however, extra expense caused by the failure of the State to let certain contracts, the completion of which was essential to the completion of the claimant's contract, in time to enable the contractors to have their work done before the expiration of claimant's contract.    In fact, one contract was not let until after the expiration of the time set in claimant's contract.    The claimant is entitled to extra expenses caused by this act of the State.

CLAIM by contractor for extra expenses.

*Ainsworth, Sullivan, Wheat & Archibald,* for the claimant.

*Albert Ottinger, Attorney-General [Lyman A. Kilburn* and *John L. Campbell, Deputy Assistant Attorneys-General,* of counsel], for the defendant.

BARRETT, J.    Claimant on June 4, 1920, entered into a contract with the State of New York, through its Superintendent of State Prisons, for the furnishing and installation of sanitary work, water pumping apparatus and chlorinating apparatus for the water supply system at Sing Sing Prison, for the sum of $8,700, to be completed on or before June 21, 1921.

On June 26, 1919, a contract was made between the State, acting through its Superintendent of State Prisons, and a contractor for the construction of certain buildings at Sing Sing Prison, which included the building known as the pump house, and reservoir, in which claimant's work was to be performed and which contract was to be completed on or before January 1, 1921.

Claimant's contract, except for testing, was actually completed May 20, 1921, and claimant has been paid in full for its work, ninety-five per cent thereof having been paid before the expiration of the time of the performance of the work, and the remaining five per cent upon acceptance of the work in December, 1922.

This claim is for the sum of $3,038.52, practically all of which is alleged to be for extra expenses from January 1, 1921, when claimant was ready to do the work, to May 20, 1921, when the work was actually done, caused by the failure of the general contractor to progress the work and prepare the pump house and reservoir for the installation of claimant's equipment. Included also are items of expense for insurance and interest on the deferred payment, alleged to have been caused by delays in other contracts for water and electrical equipment, without which claimant's apparatus could not be tested.

The contract contains this clause: " No charges shall be made by the contractor for any delays or hindrances from any cause during the progress of any portion of the work embraced in his contract. If the delay be caused by any act of the State authorities or of other contractors for the State or in consequence of the condition of the weather, the contractor will be granted an extension of time for the completion of the work, sufficient to allow for the delay, provided the contractor shall give immediate notice of the cause in writing."

In *Mack* v. *State* (122 Misc. 86; affd., 211 App. Div. 825) it was held that this provision was a bar to any recovery of damages caused by delays except such as were caused by active interference upon the part of the State.

As before pointed out, claimant was not delayed in the substantial performance of its work beyond the time limited by its contract, and as to such substantial performance there was no active interference by the State.

Under the decision above cited and by reason of the provision in the contract above mentioned, claimant is precluded from asserting its claim against the State for damages on account of the delays in the performance of work completed on May 20, 1921.

However, as to the claim for charges occasioned by the failure

of the State to let and the contractors to perform contracts for water and electrical equipment so that claimant's machinery might be tested, a different question is presented.

Under the terms of these contracts the expiration of the time within which the work might be done extended beyond the date of completion of claimant's contract, and in one instance, that of the electric conduit system, the contract was not entered into until October 25, 1921, or practically four months after claimant's time for performance had expired. Such facts could not, of course, be ascertained upon any inspection of the site prior to the contract. Concededly claimant's contract required testing before final acceptance and the apparatus could not be tested until the installation of the water and electrical equipment. The work was not finally accepted until December 2, 1922, and claimant was obliged to renew its insurance for the delayed period. In that regard, the State did interfere with that part of the work so as to justify an award for the additional expenses.

We think, therefore, that claimant should have an award for these amounts, namely, $43.02 for insurance and $25 interest.

PARSONS, J., concurs.