WRIGHT & KREMERS, INC., Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 21683.)

Fourth Department, May 10, 1933.

*John J. Bennett, Jr., Attorney-General* [*Harold P. Burke, Third Assistant Attorney-General*, of counsel], for the appellant.

*Robert J. Moore*, for the respondent.

TAYLOR, J. In September, 1928, plaintiff entered into a contract with defendant to construct a shop building on the site of Auburn

Prison. Plaintiff has a judgment for $30,809.26, mainly for damages resulting from delays caused by the State.

Sections 76 and 78 of article 20 of the contract read as follows: " If the Contractor is delayed in the completion of his work by any act or neglect of the State, or by changes ordered in the work, or by any cause which the Chief Engineer shall deem to justify the delay as being.beyond the Contractor's control, then the time of completion shall be extended for such reasonable time as the Chief Engineer may decide." (§ 76.)

" No charges or claim for damages shall be made by the Contractor for any delays or hindrances, from any cause whatsoever, during the progress of any portion of the work embraced in this contract. Such delays or hindrances shall be compensated for by an extension of time as above provided." (§ 78.)

Leaving out of consideration delays caused by claimant or its subcontractors, the only relief available to the claimant for delays resulting " from any cause whatsoever " was an extension of claimant's time for completion. Since it appears that none of the delays caused by the State was unrelated to the contract or not within the contemplation of the parties (*Johnson* v. *City of New York*, 191 App. Div. 205; affd., 231 N. Y. 564); that none was caused by direct interference on the part of the State (*Waples Co.* v. *State of New York*, 178 App. Div. 357); and that none of the delays was so great or unreasonable that it might fairly be deemed to indicate an abandonment of the contract (*People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125, 144; *Brady & Co.* v. *Board of Education*, 222 App. Div. 504), the claimant is concluded by the portions of the contract referred to. (*Norcross* v. *Wills*, 198 N. Y. 336; *Mechanics' Bank* v. *City of New York*, 164 App. Div. 128; *Mack* v. *State of New York*, 122 Misc. 86; affd., 211 App. Div. 825.)

The haulage and steam heat items ($3,163.50 and $186.90), the latter paid by the claimant under compulsion, were in fairness extras under the contract and claimant should have judgment for them. (Contract, art. 209, methods 3 and 4; amended art. 3605, § 36, subd. 8.)

The judgment should be modified by reducing it to the amount of $3,350.40, plus interest, and as thus modified affirmed, without costs; certain findings of fact and conclusions of law disapproved and reversed or modified and new findings and conclusions made.

All concur.

Judgment modified on the law and facts in accordance with the opinion, and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.