Order granting motion of respondent, a contractor, for an order directing arbitration of its claim for damages occasioned by reason of alleged delay of the owner in enabling the contractor to start the work, reversed on the law, without costs, and the motion denied, without costs. The pertinent provisions of the contract, construed literally, exculpate the authority from a damage claim based on its fault. Where, however, a claimed fault results in damage to the contractor, the latter may be made whole if the fault was of a character not fairly within the contemplation of the parties at the time they entered into the contract. (Johnson v. City of New York, 191 App. Div. 205, affd. 231 N. Y. *905 564.) Hence, assuming, without deciding, that the contractor has a cause of action for damages due to the fault of the authority in this case (Wright & Kremers, Ine., v. State of New York, 238 App. Div. 260, mod. 263 N. Y. 615), it does not follow that the subject may be a matter of arbitration. The parties must agree as to the subject matter of arbitration. (Matter of Marchant v. Mead-Morrison Mfg. Go., 252 N. Y. 284.) It may not be presumed that they agreed to what was not contemplated by them when the agreement was made, which theory is the only rational or justifiable one for going beyond the express language of the parties so as to sustain a damage claim. Here, the parties never agreed to the arbitration of such a claim and the claimant must be relegated to an action at law to redress his grievance, if any. (Matter of A. B. Barr & Go. [.Municipal Housing Authority for City of Yonkers], 276 App. Div. 981.) Carswell, Adel, Sneed and Wenzel, JJ. concur; Nolan, P. J., concurs by reason of the previous decision of this court in Matter of A. B. Barr & Co. [Municipal Housing Authority for City of Yonkers] (276 App. Div. 981), being of the opinion, nevertheless, that the contract of the parties does not exculpate appellant from a claim for damages based on an unjust or unreasonable delay by appellant in making the site of the work available (Wright & Kremers, Inc. v. State of New York, 263 N. Y. 615; People ex rel. Wells & Newton Co. v. Craig, 232 N. Y. 125; Johnson v. City of New York, 191 App. Div. 205), and that the contract provides that such a claim may be determined by arbitration.