■ TRIANGLE SHEET METAL WORKS, INC., Appellant, v JAMES H. MERRITT AND Co. et al., Respondents.—Judgment, Supreme Court, New York County (Martin B. Stecher, J.), entered January 10, 1990, which dismissed plaintiff's complaint against defendants for failure to make a prima facie case following a trial, unanimously affirmed, with costs.

New York City hired defendant Merritt as one of the prime contractors on a project in Staten Island. Merritt hired plaintiff as a subcontractor to perform part of its work on the project. The subcontract incorporated by reference the terms and conditions of Merritt's contract with the City. Extensions of time were available due to acts or omissions caused by, *inter alia,* the City, its agents, other contractors, and "acts of God".

Merritt sued the City for damages as a result of interferences and delays. Merritt included plaintiff's delay claims in its suit against the City. However, after the lawsuit did not progress, plaintiff started its own suit against defendants. The cases were ordered to proceed as a joint trial.

Defendants' motion for summary judgment against plaintiff was denied as questions of fact existed as to whether Merritt was responsible for any of defendants' delays. At trial it was determined that the project's delays were primarily caused by acts and omissions of the City, its engineer, other prime contractors and extreme weather. At the close of Triangle's case and upon Merritt's motion to dismiss the complaint, the court concluded, *inter alia,* that plaintiff would not be able to recover from defendants damages as a result of delays and interferences which defendants did not cause and over which they had no control.

We agree with the trial court. Plaintiff never obtained, in its agreement with defendants, a provision which provided that defendants would be guarantors of the job's progress. Moreover, none of the evidence demonstrates that defendants caused any of the delays and interference, or had control over that which was the cause of the delays and interference. *(See, Norcross v Wills,* 198 NY 336.) Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Smith, JJ.