NIEWENHOUS COMPANY, INC., Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 21911.) — Appeal from judgment of the Court of Claims, denying claimant damages for extra work and materials, and on account of delays, made necessary by soil conditions encountered in the laying of building foundations. This proceeding is brought pursuant to a special act of the Legislature whereby the State consented to have its liability determined, provided claimant's claim be founded in right and justice. By a contract entered into on May 9, 1927, claimant agreed to do the work and furnish the materials for twenty-five buildings for the Rockland State Hospital, in accordance with plans and specifications prepared by the State. The buildings were to be erected on wild land covered in the main with second growth timber. The contract provided that the contractor " shall be held to have visited the site prior to the submission of his proposal for the work, and to have made all necessary investigations and measurements, and to have appraised the conditions under which the work is to be executed." The claimant made no borings or tests to determine subsoil conditions. The specifications reserved to the State the right to inspect and approve the soil at the bottom of foundation

trenches before footings were installed. At footing levels the soil was found to be water-bearing and soft, and unfit to support the superstructures. This stratum of soft mushy soil was found to prevail to a depth of three or four feet below footing levels. This condition was general throughout the tract to be improved, and required ditching, draining and drying of the soil before the foundations could be laid, required a large quantity of work and materials, and caused long delays in the work, due to this " bleeding " process. Many of the buildings to be constructed were large, the equivalent of 300 or 400 feet square, and three stories high. It was evident to the most casual observer that sound soil conditions were necessary for the foundation footings. And ordinary caution and prudence would suggest that borings or other adequate tests of subsurface conditions were necessary to determine the kind and amount of work to be done for foundations, whether loam, rock, quicksand or water was to be met with. While it may be said that such soft and water-soaked subsurface soil is not usually to be encountered in laying foundations, it is fairly to be contemplated by those required to dig three or four feet below the surface. Such a condition is easily discoverable by well-known, inexpensive and generally used tests. The claimant saw fit to make its bid without resort to these common and simple safeguards. It may not now secure from the court an alteration of its contract as a substitute for the care and prudence with which the business man of average caution would exercise in serious undertakings. Judgment affirmed, with costs. Hill, P. J., McNamee, Bliss and Heffernan, JJ., concur; Crapser, J. I dissent. I am in favor of modification of the judgment of the Court of Claims as asked for in the appellant's brief, under point four. (*Horgan* v. *Mayor*, 160 N. Y. 516, 522; *United States* v. *Spearin*, 248 U. S. 132, 136.)