CAULDWELL-WINGATE COMPANY and Others, Appellants, v. THE STATE OF NEW YORK, Respondent. (Claim No. 21953.) — Appeal from a judgment of the Court of Claims granted November 14, 1935. The claim grows out of a contract made by the State with Cauldwell-Wingate Company for the erection of the super-structure of the State Office Building in New York city. The other claimants were the subcontractors of the Cauldwell-Wingate Company for the performance of the work and the furnishing of materials under the main contract. J. L. MacDonald had the contract for the foundations, etc., the substructure. The Cauldwell-Wingate Company contract was approved March 2, 1928, and that of MacDonald on March 10, 1928, the contract of the latter to be completed on July 1, 1928. Work on the superstructure was to be completed March 31, 1929, but it was made " con-tingent " on the completion of his work by MacDonald. The contracts with the State were of the general form commonly used in State contracts, and required the contractors to go upon the site and acquaint themselves with the soil and work con-ditions before submitting their bids. These contracts provided for delays in the work, and for compensation therefor by the extension of time within which work was to be completed. Almost at the outset of work on the substructure contract, and about two feet under the surface, a large number of walls and foundations of ancient buildings, and what was formerly a pond about fifty feet deep, was discovered for the first time by the contractors. Thereupon the foundation plan and specifications were altered, and much additional work and material on the part of MacDonald was necessary. Delay resulted, not only in the substructure work, but in the other work contingent thereon. In consequence of this delay, MacDonald finished one-half of his work on November 1, 1928, and the other half about February 1, 1929, about four and seven months, respectively, after the entire work should have been completed. An enabling act was passed by the Legislature, among other things, authorizing the Court of Claims to hear and determine claims for breach of contract by the State in failing to furnish the site to the general contractor for the superstructure, and consenting to have the claims of the contractor, and of the subcontractors against the contractor, heard in a single proceeding, and to have the liability of the State to the general contractor on all of these claims determined accordingly. We do not regard the enabling act as beyond the power of the Legis-lature; and, accordingly, it is not unconstitutional. In so far as the claims under review are concerned, they are based wholly upon delay, and no additional work or materials were furnished to the State as a result thereof. The delays were not of such a character or extent as to indicate willful interference or abandonment by the State. Such delay as occurred was clearly contemplated by the contract with the State; and therein it is provided that no claim for damages shall be made for any delays from any cause whatever. (*Wright & Kremers, Inc.*, v. *State*, 238 App. Div. 260, 261; modfd., 263 N. Y. 615; *Niewenhous Co.* v. *State*, 248 App. Div. 658; affd., 272 N. Y. 484; *Mack* v. *State*, 122 Misc. 86; affd., 211 App. Div. 825.) Judgment unanimously affirmed, with one bill of costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.