CITY OF NEW YORK v. SELDEN.

(Circuit Court of Appeals, Second Circuit. December 11, 1918.)

No. 89.

MUNICIPAL CORPORATIONS &approx;374(4)—CONTRACTS—ACTION FOR BREACH—EVIDENCE—DAMAGES.

In an action by a contractor for public work, for breach of the contract which rendered the work more expensive, defendant may show that by reason of subcontracting the work plaintiff sustained no actual damages, but that the loss, if any, fell upon the subcontractors.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Stephen L. Selden, receiver of the Elmore & Hamilton Contracting Company, against the City of New York. Judgment for plaintiff, and defendant brings error. Reversed.

William P. Burr, Corp. Counsel, of New York City (Terence Farley, of New York City, of counsel), for plaintiff in error.

Francis L. Kohlman, of New York City (Henry Herbermann and Frank A. Gaynor, both of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. On December 28, 1909, the Elmore & Hamilton Contracting Company entered into a contract with the city of New York (known as contract No. 53) for the construction of Grassy Sprain cut and cover, Platt avenue siphon, and portions of Ardsley cut and cover in the White Plains division of the Catskill aqueduct in the town of Greenburgh, city of Yonkers, Westchester county, N. Y.

In March, 1911, permanent receivers of the Elmore & Hamilton Contracting Company were appointed, one of whom resigned, and

the plaintiff, as sole receiver, instituted this action for breach of contract. The complaint alleged two causes of action, but we are concerned with the second only. In substance it charges, and the proof of the plaintiff below tended to establish, that the defendant below granted a permit to H. S. Kerbaugh, Incorporated, to construct a high-tension transmission line along the line of the aqueduct and along the right of way and property where contract No. 53 was being performed, and that in the fall of 1911, and in 1912 and 1913, the defendant below permitted and caused huge steel towers to be erected and maintained some 500 feet apart, as part of this transmission line, which interfered with, delayed, and made more costly the performance of contract No. 53, all of which is claimed to be in violation of the terms of the contract, and to the damage of the plaintiff below.

The complaint does not allege that the plaintiff below performed the contract No. 53, and the fact appears that under a written contract dated June 5, 1911, receivers of the Elmore & Hamilton Contracting Company sublet the performance and completion of contract No. 53 to George Sergeant, Jr., and John C. Sullivan, and in March, 1912, Sergeant and Sullivan resublet that part of the work embraced in contract No. 53, described as the "south end" to Cenedella & Co. The construction work provided for by the contract here in suit was actually performed by the subcontractors Sergeant and Sullivan and Cenedella & Co. However, at no time did the defendant below release the Elmore & Hamilton Contracting Company, nor did it recognize the subcontractors as substitutes for the original contractor. Payments for the work, as it progressed, were made direct to the receivers, who in turn paid over the moneys to the subcontractors.

Upon the issue of breach of contract, in making the performance more difficult and expensive, and interfering with the rights of the contractors, and preventing the proper and prompt performance thereof, there was sufficient evidence to warrant the District Judge submitting those questions to the jury. The jury, by its verdict, has assessed the damages at $14,638.36. While the evidence indicates a very substantial interference with the performance of the work, still the defendant below contested this issue of fact. As to this finding of a breach, we would be concluded by the jury's finding, and would be obliged to affirm the judgment, but for the error now referred to.

At the trial the defendant below offered in evidence the contract made by the receivers with Sergeant and Sullivan, pursuant to which the subcontractors agreed to do the work at the prices fixed in accordance with the specifications set forth in contract No. 53, and the receivers agreed to pay to Sergeant and Sullivan the sums so specified as and when received from the city of New York, and the retained percentage after the completion of the work, with the further provision that the receivers should have certain percentages of Sergeant and Sullivan's net profits in case of a net profit of $50,000. There was no claim in the complaint, nor does the evidence establish, that there was ever a net profit of more than $50,000. The defendant below also offered in evidence the contract made by Sergeant and Sullivan to Cenedella & Co., wherein that firm agreed to do the work

described as the "south end" at the prices fixed and specified in the former's subcontract. Both contracts were excluded and exception taken.

The action is not based upon the theory, nor is there any evidence indicating, that by reason of the interference with the performance of the contract, either of the subcontractors, because of their loss thus sustained, endeavored to collect, or succeeded in collecting, their loss from the receivers of the Elmore & Hamilton Contracting Company. The theory of action of the plaintiff below was that the receivers sustained the damages. Even though the defendant below be guilty of a breach of contract, as claimed, it may nevertheless show any fact tending to prove that the plaintiff below did not suffer any actual damages thereby. First National Bank v. Fourth National Bank, 77 N. Y. 328, 33 Am. Rep. 618.

The plaintiff below frankly concedes that he did not do the work, but that it was performed through the subcontractors, and the difficulties and hindrances to performance caused by the breach of the defendant below were an interference and loss to the subcontractors, but insists upon his theory that he may maintain this action for the benefit of the subcontractors, intending to divide the proceeds of the litigation so obtained from the action, pursuant to the terms of the subcontracts. This he cannot do.

While the defendant below did not recognize the subcontractors, and privity of contract does not exist, the defendant below may establish in its defense, the absence of actual loss or damage to the plaintiff below. Dunn v. Uvalde Contracting Co., 175 N. Y. 214, 67 N. E. 439. It was most important for the defendant below, if it could, to establish the defense that no damages had been sustained by the plaintiff below, and it should have been permitted to establish the existence and terms of the contracts subletting the work. It was error for the court to exclude them. The District Judge not only excluded the contract, but likewise excluded testimony sought to be elicited from the witnesses tending to establish the existence of the contracts.

By the contracts under which Cenedella & Co. performed its work on the "south end," there was no provision permitting Sergeant and Sullivan to share in the profits. Any loss sustained because of the breach of contract in the performance of this portion of the work was a loss to Cenedella & Co. alone. There is no covenant allowing the plaintiff below to share in their profit, and there is a covenant requiring Cenedella & Co. to give a $50,000 bond conditioned for the faithful performance of the contract. It is therefore made to appear from the contract that by no chance could the plaintiff below have suffered loss in the interference or hindrance to the performance of this portion of the work. It does not appear that the plaintiff below reimbursed the subcontractors for any of the damages they may have sustained, nor does it appear that the plaintiff below claims by assignment the loss sustained by Sergeant and Sullivan and Cenedella & Co.

We conclude that there was an absence of proof establishing that the plaintiff below has sustained damages.

For these reasons, the judgment will be reversed.