JOHN T. BRADY & COMPANY, Appellant, v. BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF THE CITY OF NEW YORK, Respondent.

First Department, February 3, 1928.

**Municipal corporations — contracts — action by builder for damages caused by delay in clearing site — plaintiff started work which it agreed to finish in 350 days, but was prevented for about nine months from continuing because of failure of defendant to clear site — clause in contract relating to delays not applicable — question of fact whether delay was unreasonable — plaintiff not barred on ground that it was not formally notified to commence work — plaintiff may recover as damages amount it will have to pay subcontractors because of delay.**

The plaintiff entered into a contract on August 13, 1923, with the defendant to construct a school house on a site the existing buildings on which were to be razed by the defendant. The plaintiff commenced work immediately and continued until December 17, 1923, when it claims it was unable to do more work because of the failure of the defendant to remove the buildings from the site. This delay continued until August 7, 1924. The plaintiff seeks damages on the theory that the defendant is liable for the delay.

A clause in the contract purporting to relieve the defendant from any liability caused by delay has no application to a delay sufficiently unreasonable to strike at the heart of the contract.

The defendant having obligated the plaintiff to complete the building within 350 days, had the correlative obligation to clear the site within a reasonable time and whether it did do that was a question of fact for the jury.

The contention that the plaintiff is barred from recovery because no formal notice was ever given by the defendant to the plaintiff to commence work is without

force for the plaintiff entered upon the performance of its contract with the knowledge and without the protest of the defendant.

The plaintiff may in this action recover as part of its damages the amount it will have to pay to its subcontractors because of the delay.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 3d day of December, 1926.

*Charles L. Craig*, for the appellant.

*Elliot S. Benedict* of counsel [*Denis R. O'Brien* and *J. Joseph Lilly* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the respondent.

PROSKAUER, J.  Plaintiff contracted with the defendant to construct a public school in the city of New York.  It sues for damages claimed to have been occasioned by the delay resulting from the unreasonable neglect of the defendant to remove from the site of the proposed school certain structures thereon.  A verdict has been directed for the defendant on the ground that clause J of the contract defeats the right of recovery.  That clause reads:

" If the work be delayed by any act or omission of the City or the Board or for the reason that the City or the Board does not own or has not obtained possession of, or the right to enter upon the land upon which the work is to be performed, or because of any act or omission of any employee or agent of the City or of the Board  *  *  *  the Board  *  *  *  shall then extend the time for the completion of the work for such period as the Superintendent shall certify that the work has been delayed.  No allowance whatever as damages or otherwise shall be claimed by or made to the contractor because of any such delays."

The contract made on August 13, 1923, required completion of the work in 350 days.  Title to the property had been acquired by the city of New York on July 16, 1923.  The premises were viewed by the justice who heard the condemnation proceedings on November 26, 1923.  The plaintiff began work immediately upon the execution of the contract.  It experienced difficulty in excavation because of the presence of the structures, but was able to continue work until December 17, 1923.  There is evidence that it was unable then to proceed further until the buildings were demolished.  During this period and continually thereafter it urged that the site be cleared.  Full compliance with this request was not made until August 7, 1924, approximately a year after the contract had been made and over eight months after the justice had viewed the property in the condemnation proceedings.

Clause J confers on the defendant no immunity from a claim for

damages for delay sufficiently unreasonable to strike at the heart of the contract and justify the contractor in abandoning it. In *People ex rel. Wells & Newton Co.* v. *Craig* (232 N. Y. 125, 144), HOGAN, J., writes of this clause: " In the administration of justice the courts will ever carefully scrutinize contracts which by their terms arbitrarily place one party thereto solely at the mercy of the other party to the instrument and in the interpretation of such contracts will adopt such construction as will be reasonable and just. * * * Clause J does not admit of a construction that the board of education could by the exercise of arbitrary power extend the time of relator's work and delay the same for three years or longer. The clause must be construed as inapplicable to delays so great or so unreasonable that they may fairly be deemed equivalent to an abandonment of the contract and thus interpreted was not a bar to relator's claim."

In *Johnson* v. *City of New York* (191 App. Div. 205, 207; affd., 231 N. Y. 564) the court considered the effect of this clause upon a delay which suspended work for a little more than two months. BLACKMAR, J., wrote for the Appellate Division: " The city was under the obligation, necessarily implied, to furnish the funds required to discharge the expense of the supervision under which the plaintiffs were to do the work."

The obligation imposed on the contractor to complete this school in 350 working days cast upon the defendant the correlative obligation to clear the site upon which this school was to be constructed within a reasonable time under the circumstances here disclosed. Whether it did so act was a question of fact for the jury.

The defendant contends that the delay was in part due to the necessity of preserving the *status quo* until the justice presiding at the condemnation proceedings had viewed the premises. The justice viewed the site on November 26, 1923, and the buildings were not demolished until August, 1924. These circumstances are for the consideration of the jury in determining both the measure of plaintiff's damage and the reasonableness of the delay.

The contention that the plaintiff is barred from recovery because no formal notice to begin work was given by the defendant is equally without merit. The plaintiff entered upon the performance of the work with the knowledge of the defendant and without protest or objection, and there is admission by the answer of the allegation of the complaint that " plaintiff duly entered upon the performance of said contract at the time and in the place designated by the defendant, in accordance with the terms thereof."

There is further raised on this appeal a question regarding evidence of damage which must necessarily arise on a new trial. The

trial court struck out evidence tending to show that by reason of the delay plaintiff became liable to its subcontractors for damage occasioned by the delay to them. The defendant insists that the plaintiff may recover only loss suffered by actual payment, while plaintiff contends that it may recoup for the liability which has been imposed upon it to others by reason of the defendant's default. The law of sales affords a helpful analogy. A vendee under a contract contemplating resale can recover from his defaulting vendor damages for which he would be liable to his subvendee even though he has not paid such damages. In 2 Williston on Sales (2d ed. p. 1483) it is stated: " Even though the original buyer has not yet been held liable to his subvendee, the amount of his probable liability may be recovered from the original seller."

In *Joannes Bros. Co.* v. *Lamborn* (237 N. Y. 207), CARDOZO, J., writes: " We give no weight to the defendants' argument that a vendee who resells at the price at which he buys must pay damages to the subvendee before damages for breach of warranty will be due from the vendor. The law is settled to the contrary."

The sound reasoning of these cases would extend to the contractor in the instant case the right to recover from its defaulting promisee the amount of damage for which it would be liable to its subcontractor even though it has not actually paid them.

*City of New York* v. *Selden* (255 Fed. 317) is entirely distinguishable. There the receivers of a bankrupt contractor made agreements with subcontractors to do the work and receive the city's payments. The receivers were to get only a share of the profits, if any. They were in no event themselves liable to the subcontractors for damage, and it was, therefore, held that they could not recover the damages suffered by the subcontractor.

In *Dunn* v. *Uvalde Asphalt Paving Co.* (175 N. Y. 214) the plaintiff was the subcontractor suing his main contractor; the main contractor counterclaimed on the theory that it could offset unfixed liability for which it might be liable to third parties who had been injured by the negligence of the subcontractor in performing the work. This did not deal with contractual relations at all, but with inchoate possible liability for negligence.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.