J. HARRY MCNALLY, INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24410.)

Court of Claims, April 3, 1939.

*Kadel, Van Kirk & Trencher* [*Harry Kalman* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Gerald J. Carey, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J. The claimant corporation entered into a contract with the State of New York to construct the Theodore Roosevelt Memorial Building in New York city for the sum of $1,969,380. The contract was to be completed July 1, 1932. It was actually completed and final estimate approved July 17, 1935.

This claim was filed for damages in the sum of $853,000, based on alleged delays and interferences on the part of the State, and upon items for extra work, labor and materials furnished. Some of the items of the claim were withdrawn upon the trial, and claimant's demands now total $409,731.41, divided as follows: For delays, $281,771.75; for extra work, labor and materials, $127,959.66.

In respect to delays the amount demanded is divided as follows: (1) Direct damages to claimant, $102,497.98; (2) liability to Michaels Art Bronze Co., Inc., $54,866.77; (3) liability to S. Haskel & Sons, $119,000; (4) deducted by State and expended for temporary heat, $5,407.

In respect to extra work, labor and materials the amount demanded is divided as follows: (1) Liability to S. Haskel & Sons on account of granite, $123,859; (2) extra work done and expenses incurred by claimant on account of (a) terrace steps, $875; (b) terrazzo, $2,225.66, and (c) limestone, $1,000.

There was no privity of contract between the State of New York and either Michaels Art Bronze Co., Inc., or S. Haskel & Sons. These firms entered into subcontracts with claimant, the one for the execution of the bronze work, the other for the granite work. Their demands against claimant are unliquidated. Claimant has paid neither of them anything on account. The amount of claimant's liability to them, if any, has not been fixed by agreement, adjudication or otherwise. Yet claimant asserts that it is liable to each of them and asks this court to determine the extent of its liability. In turn, each subcontractor has entered into a written agreement with claimant to withhold suit and to abide by the determination which we shall make in this case as settling its differences with this claimant as to both the law and the facts.

It is axiomatic that a suitor cannot recover damages for breach of a contract unless he has suffered them. (*Degnon Contracting Co.* v. *City of New York*, [1923] 235 N. Y. 481, 486.) This does not mean that the damages must have been paid. It is sufficient that the liability exists. (*Cauldwell-Wingate Co.* v. *State*, [1935] 156 Misc. 901.) Sound reasoning extends to the contractor the right to recover from its defaulting promisor the amount of damages for which it would be liable to its subcontractor, even though it has not actually paid them. (*Brady & Co.* v. *Board of Education*, [1928] 222 App. Div. 504.) The principle has been generally recognized. (*Hunt* v. *United States*, [1921] 257 U. S. 118.) Precisely in point is *American Pipe & Construction Co.* v. *State*, [1928] 247 N. Y. 150.) There the Court of Claims dismissed items 47, 42, 40 and 39 of claimant's claim on the ground that the services performed or materials furnished were performed or furnished by subcontractors and not by claimant, and that the latter had suffered no damage. It allowed only part of claimant's item 43 and dismissed the balance also on the ground that it represented materials and labor furnished by subcontractors. The Appellate Division reversed and directed judgment on each of the five items. In reviewing this decision the Court of Appeals held that there could

be no recovery on items 47, 42, 40 and 39 but not for the reason that they were in payment of materials furnished by subcontractors. In respect to item 43 Judge KELLOGG distinctly ruled that the claimant should be paid for the whole thereof including that part rejected by the Court of Claims as having been furnished by a subcontractor.

Moreover, it should be noted that in the *Degnon* case the Court of Appeals sustained the verdict recovered by the plaintiff for extra compensation for the by-passing of gas mains. This although it is apparent that it must have been plaintiff's subcontractor who performed the extra work. Judge HISCOCK's reference to axioms in his discussion of plaintiff's first cause of action seems to have thrown into shadow the fact that he upheld plaintiff's recovery on the second and third causes.

In the case of *Cauldwell-Wingate Co.* v. *State (supra)* we held that the claimant's liability to its subcontractor had not been established. Our holding was unanimously sustained by the Appellate Division ([1937] 249 App. Div. 892), but reversed by the Court of Appeals by a court divided four to three ([1938] 276 N. Y. 365). Thereupon the claims of subcontractors were allowed.

The claim of Cauldwell-Wingate Co. was filed pursuant to an enabling act (Laws of 1931, chap. 701). The claim of *Seglin Construction Co.* v. *State* ([1935] affd., [1937] 275 N. Y. 527) was likewise filed pursuant to an enabling act (Laws of 1931, chap. 692). Here the claimant presents no enabling act but asserts nevertheless its right to recover on account of admitted liability to its subcontractors. In our opinion the authorities support claimant's position. The absence of an enabling act does not diminish the force of the rule. Nor do the agreements for withholding suit and abiding by the determination of this court add to or subtract from claimant's rights here. They create no new liability. They but recognize an existing one.

To determine the issues in claimant's favor will not conflict with *Norcross* v. *Wills* ([1909] 130 App. Div. 470; affd., 198 N. Y. 336). That authority merely holds that because of the peculiar wording of the particular contract under consideration there could in that instance be no recovery. Likewise to be distinguished on the facts are two other cases cited by the Attorney-General. They are *Dunn* v. *Uvalde Asphalt Paving Co.* ([1903] 175 N. Y. 214) and *City of New York* v. *Selden* (255 Fed. 317).

We are satisfied, therefore, that, if it is established upon the record here that, because of the acts of the State of New York, the claimant and, in turn, the Michaels corporation and the Haskel corporation, its subcontractors, were put to extra expense on

account of either delays and interferences or of work performed and materials furnished in excess of the requirements of claimant's contract, there can be recovery and that we have jurisdiction to fix the amount thereof.

However, when we come to an examination of the record we find therein insufficient proof to support a finding that any delays not caused by claimant or its subcontractors fall within the classifications recognized by the courts as entitling the claimant to relief other than the extensions of time granted to it in accordance with the provisions of its contract. (*Wright & Kremers, Inc.*, v. *State* ([1933] 238 App. Div. 260; affd., 263 N. Y. 615.) In that very case we allowed the claimant damages for delays occasioned by the State in its revision of plans, drawings and specifications for pier columns, wall footings and floor heights. The judgment entered upon our award was reversed by the higher courts. Here the situation with respect to approval of shop drawings is analogous except that the time elapsed in returning drawings was of shorter duration than in the *Wright & Kremers* case. On this point we are governed by that decision.

When we turn to the consideration of the claimant's demands for extra work performed we find a preponderance of the evidence to support findings that the State exacted from Haskel a refinement in the cutting and trimming of granite in excess of the contract requirements. We hold that claimant is entitled to recover on these items the sums of $8,000 and $2,500 respectively, together with overhead and profit, which amounts we find to be fair and reasonable. Claimant should also recover for the terrazzo work in the stipulated amount of $2,225.26. This expense, too, was incurred as a requirement clearly outside the obligations of claimant's contract.

All other items of the claim should be dismissed. Enter findings accordingly.

BARRETT, P. J., concurs.