**UNITED STATES v. EDELL.**

United States District Court, S. D. New York.

April 29, 1954.

J. Edward Lumbard, U. S. Atty., for the S. D. of N. Y., New York City, for plaintiff; Harold J. Raby, Asst. U. S. Atty., New York City, of counsel.

Lowenstein, Pitcher, Amann & Parr, New York City, for defendant; Herbert P. Polk, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Defendant moves under Rule 60(b) (5) and (6), Federal Rules of Civil Procedure, 28 U.S.C.A., for an order

(1) relieving him from the operation of a final judgment rendered against him, insofar as the judgment is a lien on defendant's interest in certain real property in New York City or on the proceeds from the sale of this property and

. (2) directing that the holder of the proceeds pay over to defendant his cash share from the sale of this property.

To understand the basis of the present motion, a brief statement of the preceding events in the instant case is in order.

In or about June, 1949, a determination was made by a renegotiation board established under the provisions of the Renegotiation Act, 50 U.S.C.A.Appendix, § 1191, that defendant had realized excessive war profits totalling $204,833.53, after allowance for tax credit computed under Section 3806 of the Internal Revenue Code, 26 U.S.C.A. In accordance with applicable procedures, the defendant appealed this determination to the Tax Court of the United States. This appeal is still pending. Under the terms of the Renegotiation Act, however, the pendency of the Tax Court proceeding does not operate to stay the Government from attempting to collect the amount declared to be due, either by withholding collateral credits due to defendant from the Government, or by institution of civil suit in a federal district court. Accordingly, on August 1, 1950, suit was instituted in this Court for the recovery of $204,833.53. There-

after, on March 21, 1952, Judge Goddard granted judgment on the pleadings in favor of plaintiff in the amount of $227,449.54. This amount included the principal amount plus interest and costs. The judgment recited that a stay, given on consent, would bar collection of the judgment for a period of sixty days.

Upon the expiration of this sixty day period, the Government had a right to levy execution on the defendant's property. To induce the Government to refrain from such action, the defendant entered into an escrow agreement, wherein securities were deposited with an escrowee to be held pending the outcome of the Tax Court proceeding, or pending other disposition, e. g., by compromise settlement of the Tax Court proceeding. The consideration for the agreement was the Government's expressed willingness to refrain from execution or supplementary proceedings. Paragraph 12 of the escrow agreement (a copy of which is annexed as Exhibit A to defendant's affidavit in support of his present motion) states:

"The United States of America agrees that so long as Edell shall not be in default under any of his covenants hereunder it will not issue execution under the aforesaid judgment of March 21, 1952, nor endeavor to collect the renegotiation liability of Edell by withholding or by other civil action. However, the making of this agreement shall not prejudice the right of the United States in the event of default by Edell in complying with any of the covenants hereunder to issue execution on said judgment, to bring suit against Edell, or to take such other action as in its opinion is requisite for the protection of its rights."

Paragraph 11 of the escrow agreement provides:

"Whenever the Attorney General determines that the securities hereinabove described have become insufficient for the protection of the

United States Edell will, upon receipt of notice of such determination, furnish additional securities in such form and in such amounts as may be satisfactory to the Attorney General and such additional securities shall thereupon be subject to all the terms and conditions of this agreement."

The securities delivered to the escrowee had a value of $200,000 at the time of deposit. Defendant's uncontradicted statement in his affidavit indicates that their present value is in excess of that amount.

On December 2, 1953, the Government rejected a settlement offer which had been made by defendant and proposed an alternative settlement for the gross sum of $183,000, before giving effect to applicable tax credits provided by statute. Defendant asserts that he has been advised by his attorneys that the tax credits to which he is entitled would reduce his actual liability under the Government's proposed settlement to approximately $138,000, including interest. The Government neither contradicts nor accepts this statement and notes only that it is an "obviously speculative assertion". On the basis of his calculations, defendant points out that the security he has posted has a present value approximately 50% higher than the total amount of his liability under the settlement proposed by the Government.

At the time of the execution of the escrow agreement, defendant owned an interest in certain real property in New York City. The Department of Justice did not request a statement of defendant's assets and this interest was not revealed. In January 1954, the owners of this property, including defendant, contracted to sell the property, and defendant sought from the Government a release of any lien on the property arising in its favor as a result of the 1952 judgment. The Government released the lien pursuant to an agreement with an attorney who represented defendant and

other owners of the property. Under this agreement, the Government required, as a condition for release of its lien rights, that defendant's share of the proceeds of the property sale be deposited with the escrow agent.

Defendant urges that the Government's requirement that this additional amount be held in the escrow fund imposes an undue hardship upon him and that under Rule 60(b) he is equitably entitled to an order directing that this amount be remitted to him free of any Government lien. Defendant asserts that the escrow agreement prevents the Government from seeking to satisfy its judgment by reaching his other property as long as he is not in default, and as long as the Attorney General has made no determination, under paragraph 11 of the agreement, that the securities deposited have become insufficient.

Plaintiff, on the other hand, contends that by entering into the escrow agreement, it did not waive or renounce any liens it might have by operation of law, and that since it is under no legal obligation to waive the lien, defendant cannot complain of the harshness of any conditions imposed for waiver. Plaintiff further urges that the present dispute deals not with the validity of the judgment obtained against plaintiff, but with the amount of security defendant should be required to post as consideration for waiver of enforcement of the judgment, and that this dispute is not cognizable under Rule 60(b).

■ Turning first to plaintiff's second contention, I am convinced that defendant properly seeks his relief under Rule 60(b). Defendant seeks relief from the operation of the judgment insofar as that judgment is the basis for the plaintiff's attempt to impose a lien on defendant's share of the proceeds from his property sale. Rule 60(b) provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative

from a final judgment, order, or proceeding for the following reasons: * * * (5) * * * it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * * "

Notes of the Advisory Committee on Amendments to the Rules show that it intended to permit the historically broad powers of a court of equity to grant relief from a judgment to be invoked through a motion made under this Rule.

"The Committee has endeavored to ascertain all the remedies and types of relief heretofore available by coram nobis, coram vobis, audita querela, bill of review, or bill in the nature of a bill of review." See 28 U.S.C.A. Rule 60, at pages 311–312.

As a result, the last sentence of Rule 60(b) states:

"Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

Specifically, the common law writ of audita querela was, prior to the Rules, the method by which the relief here sought might be granted. See Moore and Rogers, Federal Relief from Civil Judgments, 55 Yale L.Journal 623, 659–669 (June 1946). Such relief is therefore now properly sought under Rule 60(b) (5) and (6). Indeed, the Supreme Court in Klapprott v. United States, 1949, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, placed a most liberal interpretation on the "other reason" catch-all clause of Rule 60(b) (6).

■ I am further convinced that defendant is entitled to receive the proceeds of his property sale free of any Government lien. The Government recognized at the time of the escrow agreement that the securities posted by defendant were sufficient for the judgment. Paragraph 12 of the escrow agreement indicates that it was the mutual intention of the parties to suspend the remedies otherwise available to the Government as a judgment creditor as long as the defendant was not in default. Such an interpretation is reinforced by a reading of paragraph 11, under the provisions of which the Government could require additional security should it determine that the amount already posted had become inadequate. No. such determination has been made, no default has occurred, and from the assertions of the defendant it appears that his ultimate liability on the judgment will be substantially less than the security he has posted. Under these circumstances, and particularly in view of the Government's failure even to claim that the securities already posted are inadequate, I think it inequitable to allow the Government to use its judgment as a weapon to compel defendant to add his property sale receipts to the present escrow fund. I conclude, therefore, that the defendant is entitled to his share of the cash proceeds of the sale of the New York property free of any lien in favor of the plaintiff. Settle order.