**Saul WEITZMAN, Plaintiff,**

v.

**Sidney STEIN, Norman Rubinson and Albert Feiffer, Defendants.**

**No. 70 Civ. 4037 (LFM).**

United States District Court, S. D. New York.

Nov. 1, 1978.

Flaxman & Sulkow by Martin Sulkow, New York City, for plaintiff.

Sidney Feldshuh, New York City, for defendant Stein.

Feiner, Chernis, Curtis & Goldman by Stephen R. Hill, New York City, for defendant Feiffer.

Norman Rubinson, pro se.

## OPINION

MacMAHON, District Judge.

After trial of this securities fraud action, we rendered judgment for the plaintiff, holding, *inter alia,* that his damages consisted of two Florida state court judgments entered against him by two brokerage houses, H. Hentz & Co. ("Hentz") and Dishey, Easton & Co. ("Dishey"). *Weitzman v. Stein,* 436 F.Supp. 895 (S.D.N.Y.1977). Because no proof was offered at trial as to the amount of the judgments, or as to the amount of plaintiff's actual losses arising therefrom, the court referred the case to Magistrate Sol Schreiber to hear and report on the amount of plaintiff's damages. The Magistrate has rendered his report, and the parties have filed statements in support of, and in opposition to, the report. We treat these statements as sufficient to bring the Magistrate's report before us for review. Rule 53(e)(2), Fed.R.Civ.P.

The essential facts of this case may be simply stated. Defendants induced plaintiff to act as their nominee in purchasing stock from Dishey and Hentz, fraudulently misrepresenting that they would reimburse plaintiff for the stock if he would buy it for them. When defendants refused to pay, plaintiff, who had insufficient funds to pay for the stock, was sued for the purchase price. It is undisputed that plaintiff has not yet paid any part of the purchase price.

Magistrate Schreiber found as a fact that the Hentz action against plaintiff has been dismissed with prejudice by the Florida court, and recommends that the judgment against defendants be modified to exclude liability for this judgment. The Magistrate also found as a fact that the amount of the Dishey judgment is $89,703.03 and recommends that this sum, plus interest from November 24, 1969, the date the Dishey judgment was entered, be awarded to plaintiff.

The parties do not contest the Magistrate's finding and recommendation with respect to the Hentz judgment. Accordingly, we modify the judgment against defendants to exclude liability for the Hentz judgment.[1]

Defendants do contest the Magistrate's finding and recommendation with respect to the Dishey judgment. They argue that since plaintiff has not yet paid the Dishey judgment, he has no "out of pocket" loss and, thus, has suffered no actual damages. Therefore, defendants seek to vacate the judgment against them on the ground that plaintiff has failed to prove actual damage, an essential element of a claim under Rule 10b–5,[2] or, in the alternative, that the court fashion a remedy to provide for the indemnification of plaintiff only after he has actually paid the Dishey judgment.[3]

In support of their argument, defendants rely on Section 28(a) of the Securities Exchange Act of 1934,[4] which provides, in pertinent part, that "no person permitted to maintain a suit for damages under the

---

1. Rule 60(b)(5), Fed.R.Civ.P.; *Klapprott v. United States,* 335 U.S. 601, 614 15, 69 S.Ct. 384, 93 L.Ed. 266, *modified on other grounds,* 336 U.S. 942, 69 S.Ct. 398, 93 L.Ed. 1099 (1949).

2. *Estate Counseling Service, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 303 F.2d 527, 533 (10th Cir. 1962); see *Schlick v. Penn-*

*Dixie Cement Corp.,* 507 F.2d 374, 380–81 (2d Cir. 1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).

3. Rule 60(b)(6), Fed.R.Civ.P.

4. 15 U.S.C. § 78bb(a) (1976).

provisions of this chapter shall recover . . a total amount in excess of his actual damages on account of the act complained of." Defendants argue that this section precludes plaintiff from recovering for the imposition of a legal liability on plaintiff by a third party where plaintiff has not yet paid that liability. Defendants cite no cases in support of their position, and we conclude that it is without merit. Although the legislative history of Section 28(a) is unclear, the section has been construed to prohibit recovery for punitive damages,[5] but it has not been construed to define what may be considered as actual damages.[6] Thus, we find that Section 28(a) does not preclude a finding that the imposition of a liability upon plaintiff constitutes actual damage.

Defendants also cite various cases which have held that a buyer's damages under Rule 10b–5 are limited to "out of pocket" damages[7] and argue that these cases prohibit plaintiff's recovery where he has suffered no literal out of pocket loss. However, these cases dealt with factually distinguishable situations and have no application to the unprecedented facts of this case.

■ For example, in *Herzfeld v. Laventhol, Krekstein, Horwath & Horwath*,[8] the purchasers of securities sued the seller under Rule 10b–5, and we limited plaintiffs' damages to an amount equal to the difference between the price paid for the securities and the market value of the securities received, less the amount received from the original defendants who had settled. In doing so, we disallowed plaintiffs' claim for interest, stating:

"[Plaintiffs'] interest claims amount, essentially, to the interest they expected to receive on the [securities]. Thus, the interest was part of the profit they expected to make from their investment.

The [Securities Exchange Act of 1934] prohibits a damaged party from recovering 'a total amount in excess of his actual damages on account of the act complained of.' Actual damage does not include loss of anticipated profits. Recovery is limited to plaintiffs' out-of-pocket loss. Since plaintiffs' interest claims are really claims for lost profits, they may not recover them under 10b–5 . . .."[9]

Thus, it is clear from the context that the phrase "out of pocket loss" is nothing more than a shorthand method of referring to a measure of damages which excludes lost profits or the benefit of the bargain. It should not be construed as literally requiring that a plaintiff buyer make out of pocket expenditures in all cases in order to recover under Rule 10b–5.[10] Moreover, imposing such a requirement on the novel facts of this case would have the effect of allowing defendants to keep the fruits of their wrongdoing with plaintiff and Dishey bearing the brunt of defendants' fraud.

■ Thus, we adhere to our original holding that plaintiff's damages are "equal to the [judgment] obtained against [him] by . . . Dishey, plus interest at the legal rate from the date [that judgment was]

---

5. *Byrnes v. Faulkner, Dawkins & Sullivan*, 550 F.2d 1303, 1313 (2d Cir. 1977); *Bucher v. Shumway*, 452 F.Supp. 1288, 1292 (S.D.N.Y. 1978).

6. *Reynolds v. Texas Gulf Sulfur Co.*, 309 F.Supp. 548, 563 (D.Utah 1970), *modified on other grounds sub nom. Mitchell v. Texas Gulf Sulfur Co.*, 446 F.2d 90 (10th Cir.), *cert. denied*, 404 U.S. 1004, 92 S.Ct. 564, 30 L.Ed.2d 558 (1971), *cert. denied sub nom. Reynolds v. Texas Gulf Sulfur Co.*, 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972).

7. *E.g.*, *Smith v. Bolles*, 132 U.S. 125, 10 S.Ct. 39, 33 L.Ed. 279 (1889); *Levine v. Seilon, Inc.*, 439 F.2d 328, 334 (2d Cir. 1971); *Herzfeld v.*

*Laventhol, Krekstein, Horwath & Horwath*, 378 F.Supp. 112, 129 (S.D.N.Y.1974), *modified on other grounds*, 540 F.2d 27 (2d Cir. 1976).

8. 378 F.Supp. 112 (S.D.N.Y.1974), *modified on other grounds*, 540 F.2d 27 (2d Cir. 1976).

9. *Id.* 378 F.Supp. at 129.

10. See *Bonime v. Doyle*, 416 F.Supp. 1372, 1384 (S.D.N.Y.1976), *aff'd without opinion*, 556 F.2d 554 (2d Cir. 1977); *Abrahamson v. Fleschner*, 392 F.Supp. 740, 747 (S.D.N.Y.1975), *modified on other grounds*, 568 F.2d 862 (2d Cir. 1977) (no uniform rule of damages applicable to all 10b–5 actions).

 

entered." [11] As Magistrate Schreiber has pointed out in his report, at common law the wrongful imposition of liability to a third person has long been considered actual damage even while the liability remains unsatisfied.[12] We conclude that the application of this common law rule to the peculiar facts of this case will further the anti-fraud provisions of the Securities Exchange Act of 1934 by ensuring that plaintiffs who are the victims of novel stock fraud schemes will not be deprived of their day in court.

With respect to defendants' request that the court fashion a remedy to provide for the indemnification of plaintiff, we find that such a remedy is not appropriate in this case. Such a remedy would require continuing judicial supervision and would effectively preclude any recovery against defendants if plaintiff never has sufficient funds to satisfy the Dishey judgment. Such a remedy would also be inconsistent with our conclusion that the imposition of legal liability constitutes actual damage in this case. As the New York Supreme Court has stated:

"The plaintiff has become liable to pay. He incurred that liability by reason of the fraud practiced upon him by the defendant. That he, under such circumstances, must sit quietly by until the liability— contingent though it be—can be legally enforced against him, before he has any remedy against the perpetrator of the fraud, is, to my mind, a proposition without reason, without authority, and contrary to every principle of fair dealing. The law is not so powerless to redress wrongs. He has an immediate right of action." [13]

Accordingly, we adopt the findings and recommendations of Magistrate Schreiber. We amend our judgment of September 6, 1977 to exclude liability for the Hentz judgment; we find plaintiff's damages to be $89,703.03, plus interest from November 24, 1969.

So ordered.

---

11. *Weitzman v. Stein,* 436 F.Supp. 895, 907 (S.D.N.Y.1977).

12. *Metropolitan Elevated R.R. v. Kneeland,* 120 N.Y. 134, 24 N.E. 381 (1890); *J. Harry McNally, Inc. v. State,* 170 Misc. 914, 11 N.Y.S.2d 577 (Ct.Claims 1939); *Davison v. Farr, Ward & Co.,* 18 Misc. 124, 41 N.Y.S. 170 (1896).

13. *Davison v. Farr, Ward & Co., supra,* 18 Misc. at 127, 41 N.Y.S. at 172.