468 So.2d 1085 (1985)
Saul S. WEITZMAN, Appellant,
v.
F.I.F. CONSULTANTS, INC., As Assignee of Bernard R. Dishy, Stanley Easton, George Pollack, Richard Sims and Dennis R. Saul, Appellee.
No. 84-1610.
District Court of Appeal of Florida, Third District.
May 14, 1985.
Venezia & Haber and Louis Venezia, New York City, for appellant.
Arthur Halsey Rice and Robert M. Bovarnick, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
In the United States District Court for the Southern District of New York, the appellant Weitzman recovered $89,703.03 in damages against one Sidney Stein and several associates because an outrageous stock fraud they had perpetrated upon him had resulted, inter alia, in the entry of a 1969 Dade County Circuit Court $87,090.00 judgment against him in favor of Dishy, Easton & Co. ("Dishy"). Dishy was a firm of stock brokers from whom Weitzman had ordered securities in reliance on Stein's fraudulent and unfulfilled promise to pay for them. See Weitzman v. Stein, 436 F. Supp. 895 (S.D.N.Y. 1977); Weitzman v. Stein, 459 F. Supp. 400 (S.D.N.Y. 1978); Heller v. Stein, 742 F.2d 1431 (2d Cir.1983) (table) (unpublished); see also SEC v. Radio Hill Mines, Co., 1973 Fed.Sec.L.Rep. (CCH) ¶ 93,974 (S.D.N.Y. 1973); SEC v. Radio Hill Mines, Co., 479 F.2d 4 (2d Cir.1973). Neither Stein nor his co-defendants have satisfied the New York judgment against them. In 1980, however, through the appellee, F.I.F. Consultants, Inc., a corporation he controls, Stein purchased for $10,000 and was assigned the likewise-still-outstanding Dishy judgment against Weitzman. When *1086 F.I.F. took steps to enforce the Dade County judgment  primarily in defense of Weitzman's efforts to secure payment of his federal claim against Stein  Weitzman filed a motion under Fla.R.Civ.P. 1.540(b)[1] in the original Dishy v. Weitzman proceeding to obtain relief from it.[2] The motion was denied and Weitzman has appealed.
It starkly appears in this case that a party, Stein, who has been held responsible in tort, indeed in fraud, for bringing about the entry of a judgment against the defendant, Weitzman, has himself acquired and is now seeking to enforce that very judgment against Weitzman. Such a state of affairs cannot be countenanced. While we have, perhaps not surprisingly, discovered no case quite like this, we have no doubt that it constitutes an archetypical example of the situation for which Fla.R.Civ.P. 1.540(b)(5) was designed. It provides:
On Motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding, for the following reasons:
(5) ... it is no longer equitable that the judgment or decree should have prospective application.
Because to allow it to stand would serve impermissibly both to reward a wrongdoer and to penalize the victim of his misconduct, we conclude that after its acquisition by Stein's creature, F.I.F., the Dishy judgment may no longer be given effect. Weitzman is therefore entitled to the relief he sought below. 7 J. Moore and J. Lucas, Moore's Federal Practice ¶ 60.26[4], pp. 261-64 (2d ed. 1985); 11 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2863 (1973); see United States v. Edell, 15 F.R.D. 382 (S.D.N.Y. 1954); see also 30 Am.Jur.2d Executions § 636 (1967) ("In general, it may be said that after a judgment at law has been obtained, equity will interfere by injunction to prevent its execution, if it appears that such execution would be against good conscience."); 33 C.J.S. Executions § 152(a) (1942) ("Equity will grant an injunction to prevent a party making use of a legal writ of execution for the purposes of vexation and injustice, and in some cases an injunction has been granted merely in aid of justice."); Odum v. Morningstar, 158 So.2d 776 (Fla. 2d DCA 1963).
We are well aware that the total invalidation and thus the worthlessness of the Dishy judgment required by this decision will simultaneously cause the loss to Stein of the amounts he paid Dishy for the assignment (Dishy had not been involved in the fraud and was thus able to recoup at least part of the debt that Stein in essence owed him anyway) and render it impossible for Stein to realize anything from the judgment by now selling it to a third person. Just because it will have these results, however, we think the remedy we have fashioned represents "such terms as are just" as provided by Rule 1.540(b). It is a *1087 happy event when justice under the law and poetic justice so nicely coincide.
For this reason,[3] the order below is reversed and the cause remanded for cancellation of record of the judgment against the appellant.
Reversed.
NOTES
[1] 1.540(b) provides:

Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.
[2] Although the judgment was affirmed by this court and Weitzman did not obtain our prior permission to file the motion, such appellate leave is no longer required. Ohio Casualty Group v. Parrish, 350 So.2d 466 (Fla. 1977).
[3] In addition, the appellant established an almost overwhelming case of extrinsic fraud in the conduct of "his" attorney in the Dishy case, who, as a part of the fraudulent scheme, was supplied for his defense by the Stein group and who sold him down the river in order to protect their interests. See United States v. Throckmorton, 98 U.S. 61, 65-66, 25 L.Ed. 93 (1878) quoted in DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla. 1984). We do not rest our decision on this ground, however, because a rule 1.540(b) motion based on fraud pursuant to paragraph (3) must be filed within one year of the judgment. DeClaire; note 1, supra. There is no such limitation as to either a motion like this under 1.540(b)(5) or an independent action based on extrinsic fraud. DeClaire.