WARNER, Judge.
When the appellee sought to cancel the consulting services of the appellant, it presented him with an agreement which essentially released both parties from their obligations under the consulting contract. The appellant contends that this release is unenforceable as it is supported by no other consideration than the payments already due to the appellant. The trial court found that section 725.05, Florida Statutes (1993), which allows the satisfaction of a liquidated debt for less than the full amount due by execution of a written instrument was dispositive of the claim, rejecting the appellant’s contention that section 673.3111, Florida Statutes (1993), and the common law of consideration of contracts precluded the enforcement of the release. We agree with the trial court’s conclusion and affirm.
The appellant and the appellee had entered into a consulting agreement in December 1993 whereby the appellant would provide marketing consulting services for the appellee corporation. According to the appellant’s complaint, in February 1994, the *1117 appellee’s president confronted the appellant and informed him that the $4,395 then due and owing pursuant to the consulting agreement would not be paid unless the appellant agreed to terminate the agreement and fore-go the balance of the fees due to the appellant under the contract. In order to receive the amount owed to him, the appellant signed a memorandum which provided:
As of the date of this memorandum it is understood that all parties, Steve Berman and U.S. Financial Acceptance Corporation, sever their relationship with no further liabilities owed or obligations owed between either of the parties involved[.] Therefore, Paragraph 4 of the Consulting Agreement executed on 12/21/94 [sic] is satisfied and all monies have been paid to Steve Berman and no further liability is owed by U.S. Financial Acceptance Corp. to Steve Berman[.]
Instead of receiving $4,395, the appellant received a check for five hundred dollars less, which contained a statement that the check was in satisfaction of the consulting agreement.
In its answer, the appellee denied all of the pertinent allegations of the complaint, including the allegation that $4,395 was due and owing. It also raised as affirmative defenses accord and satisfaction, release, estoppel, and termination for cause. Moving for summary judgment, the appellee relied on the release, the check, and section 725.05 to urge that the appellant had given a complete release to any claim arising under the consulting agreement. The appellant relied on common law in arguing that the release was not supported by consideration in that an offer to do no more than one is already legally bound to do cannot constitute valid consideration on which the formation of a new contract can be predicated. The trial court applied section 725.05 and entered judgment against the appellant.
Section 725.05, Florida Statutes (1993), provides:
When the amount of any debt or obligation is liquidated, the parties may satisfy the debt by written instrument other than by endorsement on a cheek for less than the full amount due.
Under the unambiguous terms of section 725.05, the release, which is a written instrument, satisfies a liquidated debt (the amount due the appellant for work performed) for less than the full amount due. Thus, under this section, the release is enforceable. Despite the appellant’s contrary argument, this section does no more than codify prior case law which holds that “[p]ayment of part of an undisputed debt does not discharge the whole in the absence of an agreement by both parties to that effect.” Bryan, Keefe & Co. v. Howell, 92 Fla. 295, 303, 109 So. 593, 595 (1926) (emphasis supplied).
International Shoe Co. v. Carmichael, 114 So.2d 436 (Fla. 1st DCA 1959), is distinguishable. In that case, the court held that a person’s promise to pay what he already owes is not valid consideration. Yet, the express agreement of the parties to satisfy the debt for less than the amount due and its payment can amount to a satisfaction of the debt. Bryan. In any event, section 2.01 of the Florida Statutes (1993), declares that the common law as it existed on July 4,1776, is to be of force in this state to the extent that it is not inconsistent with the acts of the Legislature of the state. Therefore, where a conflict exists, the statute prevails. International Shoe predates the enactment of section 725.05 by over eleven years, and to the extent that the ease is inconsistent with the statute, the statute prevails.
The appellant argues that section 673.3111, Accord and Satisfaction, enacted after section 725.05, changes the interpretation of section 725.05. We disagree. Section 673.3111 deals with accord and satisfaction by use of instrument. “Instrument” is defined in section 673.1041(2), Florida Statutes (1993), as a negotiable instrument. The memorandum of agreement in this case which constitutes the release is not a negotiable instrument within the meaning of section 673.1041(2), and thus section 673.3111 does not apply to its terms. Additionally, section 725.05 deals with liquidated debts, whereas section 673.3111 deals with disputed debts. The appellant categorized his debt as undisputed. While from the record we might disagree, as the appellant alleges that he was *1118 due $4,395 but he was paid five hundred dollars less, section 673.3111 would not apply to the undisputed debt.
Affirmed.
PARIENTE and SHAHOOD, JJ., concur.