SCHWARTZ, Chief Judge.
We hold that the trial court properly vacated a garnishment judgment under Florida Rule of Civil Procedure 1.540(b)(5)[1] because the underlying debt owed by the garnishee to the plaintiff-garnishor’s judgment debtor had been fully satisfied. See § 77.083, Fla.Stat. (1995); First Florida Bank, N.A v. R.D.P. of Naples, Inc., 573 So.2d 1025 (Fla. 2d DCA *820 1991); Carpenter v. Benson, 478 So.2d 353 (Fla. 5th DCA 1985), review denied, 488 So.2d 829 (Fla.1986); United Presidential Life Ins. Co. v. King, 361 So.2d 710 (Fla.1978). See generally Preferred Mut. Ins. Co. v. Davis, 629 So.2d 259 (Fla. 4th DCA 1993); Weitzman v. F.I.F.. Consultants, Inc., 468 So.2d 1085 (Fla. 3d DCA 1985), review denied, 479 So.2d 117 (Fla.1985). On the cross-appeal, we likewise find no error.
Affirmed.

. RULE 1.540 RELIEF FROM JUDGMENT, DECREES, OR ORDERS
* * * * * *
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons:
* * * * * *
(5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.