MAY, C.J.
The former husband appeals an order denying his request to vacate a judgment in favor of the former wife. He argues the trial court should have vacated the judgment once he settled the outstanding debt upon which the judgment had been based. We agree and reverse.
The trial court entered an Agreed Final Judgment of Dissolution of Marriage, ratifying and incorporating a Marital Settlement Agreement (hereinafter “MSA”). *919 Pursuant to the MSA, the former husband agreed to assume responsibility for a certain debt; the MSA did not specify the amount owed.
When the former husband failed to pay the debt, the former wife filed a Motion for Contempt and to Enforce Agreed Final Judgment of Dissolution of Marriage. The trial court did not find the former husband in civil contempt because the failure to pay had to do with liabilities that were equitably distributed, rather than alimony. However, the trial court granted the motion to enforce the terms of the final judgment and ordered the former husband to pay $5,722.00—an amount testified to by the former husband consisting of the $3,610.64 debt and accrued interest.
Subsequently, the former husband settled the debt for $2,400.00. According to correspondence from the debt collection company, that amount would “fully settle” the debt and would “stop all further collection efforts.”
The former husband then moved for relief from the $5,722.00 judgment, arguing that the debt upon which the judgment was based had been satisfied. The former wife opposed the motion, and argued that settling the debt for less than the amount owed adversely affected her credit rating and her income tax liability. The trial court denied the motion. From this order, the former husband has appealed.
The former husband argues the trial court abused its discretion in denying his motion for relief from judgment because he fully satisfied the debt identified in the MSA. The former wife responds that the former husband has not satisfied the judgment of $5,722.00 entered in her favor. Therefore, the trial court properly denied the former husband’s motion.
“Because a trial court is accorded broad discretion in determining rule 1.540(b) motions, the standard of review of an order on a rule 1.540(b) motion for relief from judgment is whether there has been an abuse of the trial court’s discretion.” Freemon v. Deutsche Bank Trust Co. Ams., 46 So.3d 1202, 1204 (Fla. 4th DCA 2010) (citation omitted).
Under Florida Rule of Civil Procedure 1.540, a court may relieve a party from a final judgment where “the judgment or decree has been satisfied, released, or discharged.” Fla. R. Civ. P. 1.540(b)(5); Barnett Bank of S. Fla., N.A. v. Am. Med. Express Corp., 671 So.2d 819, 819 n. 1 (Fla. 3d DCA 1996). We have previously explained that an agreement between parties “to satisfy [a] debt for less than the amount due and its payment can amount to a satisfaction of the debt.” Berman v. U.S. Fin. Acceptance Corp., 669 So.2d 1116, 1117 (Fla. 4th DCA 1996) (emphasis in original).
Here, there is a unique twist to the application of this body of law. The former husband satisfied the debt with the creditor, but did he satisfy the MSA’s requirement that he be responsible for the specified debt? We conclude that he has.
“It is well settled that a marital settlement agreement is subject to interpretation like any other contract.” Levitt v. Levitt, 699 So.2d 755, 756 (Fla. 4th DCA 1997). The relevant portion of the MSA simply provides for the former husband to bear responsibility for paying the debt. No amount is provided, and nothing in the MSA prevented the former husband from negotiating settlement of the debt for less than the full amount owed. Under our holding in Berman, even though the former husband paid less than the full amount due, he satisfied the debt.
Our interpretation of the MSA is confined to its four corners. We cannot require payment of the full amount owed when the MSA does not require it. We therefore reverse the trial court’s order *920 denying the former husband’s motion for relief from the judgment.[1]

Reversed and remanded to vacate the judgment against the former husband.

TAYLOR and CIKLIN, JJ., concur.

. We note that the MSA provides for the former husband to “indemnify and hold Wife and her property harmless from any failure to pay the same.” We express no opinion on whether this provides an alternative basis for a claim by the former wife.